No.  90-405

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

RICHARD L. SHARON,

    Plaintiff, Respondent
    and Appellant,

v.

ARCHIE D. HAYDEN, DAN C. HILL,
GLENN W. HAYDEN, JERRY MEINE
and RICHARD MEINE,

    Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Beaverhead,
                The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                J. Blaine Anderson, Jr., Dillon, Montana
                James H. Goetz, Goetz, Madden & Dunn, Bozeman,
                Montana

        For Respondent:

                W. William Leaphart, Helena, Montana

FILED

DEC 3 1 1990

Filed: *E. Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  November 11, 1990

Decided:  December 31, 1990

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Defendants Archie D. Hayden, Glenn W. Hayden, and Dan C. Hill appeal from an order of the Fifth Judicial District Court, Beaverhead County, denying attorney fees. We reverse.

The single issue on this appeal is whether the defendants are entitled to attorney fees under § 70-17-112(5), MCA.

The plaintiff Richard L. Sharon brought this action in District Court to enjoin the defendants, owners of a ditch easement through his property from allegedly unreasonably increasing the burden on his servient tenement by their use of their easement and for damages for their unreasonable use of the ditch easement. Specifically, Sharon complained the defendants unreasonably burdened his land by using heavy equipment to clear the irrigation ditch, constructing a roadway along the ditch and constructing gates at locations along Sharon's fence line to allow access to the roadway.

Furthermore, in his complaint Sharon stated "Plaintiff is bringing this action to determine the extent of Defendants' secondary easement pertaining to the primary ditch easement. Pursuant to § 70-17-112, MCA, Plaintiff is entitled to reasonable attorney's fees incurred in this matter."

The defendants answered by seeking court adjudication of their secondary easement rights under § 70-17-112, MCA. The defendants also requested reasonable attorney fees under § 70-17-112(5), MCA.

The District Court found for the easement holders (defendants) on all issues, refused Sharon's request for a permanent injunction, and denied Sharon any damages.

The District Court's final judgment ordered the following:

1. Plaintiff Sharon's temporary restraining order of June 4, 1989, is dissolved, and Plaintiff's prayer for a permanent injunction is denied.

2. The Plaintiff Sharon's claim for damages against Defendants Archie D. Hayden and Dan C. Hill is denied in full.

3. Defendants Archie D. Hayden, Dan C. Hill, Glenn W. Hayden, Jerry Meine and Richard Meine, in their positions as owners of the ditch, and their heirs and assigns as to the easement, are decreed to have a secondary easement along the east bank of their irrigation ditch as it flows through Plaintiff Sharon's property, for reasonable use for access to and maintenance of their ditch, including inspection and regulation of water flow, and specifically including its use as a roadway.

4. Plaintiff, his heirs and assigns as owners of the servient tenement are permanently enjoined from interfering with this use of the secondary easement along the east bank of the ditch by the present owners of the ditch easement and their heirs and assigns.

5. Each party shall bear their own costs and attorneys fees.

From this order, Sharon appealed and defendants cross-appealed for attorney fees and costs. Subsequently, plaintiff dismissed his appeal.

Section 70-17-112, MCA, states:

**70-17-112. Interference with canal or ditch easements prohibited.**

(1) A person with a canal or ditch easement has a secondary easement to enter, inspect, repair, and maintain a canal or ditch.

(2) No person may encroach upon or otherwise impair any easement for a canal or ditch used for irrigation or any

3

other lawful domestic or commercial purpose, including carrying return water.

(3) The provisions of subsection (2) do not apply if the holder of the canal or ditch easement consents in writing to the encroachment or impairment.

(4) Each canal or ditch easement obtained by prescription or conveyance is included within the scope of this section. Nothing in this section establishes a secondary easement where none existed prior to April 14, 1981. This section does not affect contracts or agreements concluded prior to April 14, 1981.

(5) If a legal action is brought to enforce the provisions of this section, the prevailing party is entitled to costs and reasonable attorney's fees.

In the present case, the easement holders have prevailed completely. The issue was the extent of their easement to maintain their ditch across Sharon's property. The defendants sought to drive along the east ditch bank for cleaning and maintenance of the ditch. Sharon insisted that there was no such travel right along the east bank, and attempted to impede access to and maintenance of the irrigation ditch. The defendants contend that Sharon's actions impaired and encroached upon their easement rights, and therefore violated § 70-17-112(2), MCA. The District Court found for the defendants, and held they had a right to use the east bank of the ditch as a secondary easement. Thus, the easement holders are the "prevailing party" under § 70-17-112, MCA, and therefore are entitled to costs and reasonable attorney fees.

Sharon argues his conduct did not impair or encroach upon the defendants' easement. In support of his argument, Sharon relies upon the District Court's conclusion no. 9, which states, "The obtaining of an injunction by Plaintiff did not materially injure

4

Defendants, therefore, each party will pay their own attorney fees and costs." We disagree and find the evidence in this case supports a conclusion that Sharon impaired and encroached upon the defendants' easement. Sharon had done so by his statements and threats of opposition to use of the east bank of the ditch, and by his attempts to force the defendants to acquire access through private land and through Sharon's own yard. The easement holders were forced into District Court to re-establish their secondary easement rights. Meanwhile, the defendants had access to their irrigation headgate only by walking for almost a year, and could not use the east bank access to their irrigation ditch.

Next, Sharon relying on District Court conclusion no. 2, argues he did not encroach upon the defendants' easement. In conclusion no. 2 the court stated, "Defendants, as secondary easement holders, have a right to further burden the servient tenement beyond the specific terms of their easement, in order to obtain the benefits of the easement itself." Sharon contends that his blocking off the east side bank did not encroach upon the defendants' easement. Since the District Court first recognized the right to "further burden" Sharon's property in its order, Sharon claims he cannot be guilty of impairing or encroaching upon an access right which was not even recognized until the District Court decided the defendants could "further burden" Sharon's property.

The District Court's use of the phrase "further burden" did not extend the defendants' secondary easement beyond its present

5

existence, but allowed the defendants to take full advantage of their <u>pre-existing</u> rights in relation to their use of the ditch easement.

In Laden v. Atkeson (1941), 112 Mont. 302, 306, 116 P.2d 881, 883, we explained that a ditch owner's secondary easement grants the easement holder the right to reasonably use the banks of an irrigation ditch:

> The right to enter upon the servient tenement for the purpose of repairing or renewing an artificial structure constituting an easement, is called a "secondary easement," a mere incident of the easement that passes by express or implied grant or is acquired by prescription . . . To illustrate: "A person having an easement in a ditch running through the land of another may go upon the servient land and use so much thereof on either side of the ditch as may be required to make all necessary repairs and to clean out the ditch at all reasonable times." (Citations omitted.)

Here, the defendants did not acquire a new right when the District Court allowed them the use of the east bank. The District Court simply allowed the defendants to take advantage of their pre-existing rights to clean and maintain their irrigation ditch by traveling along both banks.

The District Court affirmed the defendants' rights to a reasonable secondary easement, namely "to enter, inspect, repair and maintain a canal or ditch." Section 70-17-112(1), MCA. In obtaining this ruling, defendants enforced subsection (1) of the statute, which guarantees them a secondary easement, and subsection (2), which prevents a party from encroaching or impairing an easement for a canal or ditch.

6

Accordingly, since defendants successfully enforced both of these provision of § 70-17-112, MCA, they are entitled, as the prevailing party, to costs and reasonable attorney fees. Section 70-17-112(5), MCA. Defendants' costs and reasonable attorney fees include those fees incurred in this appeal.

                                         _____
                                               Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

# CORRECTION

Date 1/2/91

EDITORIAL DEPARTMENT

West Publishing Co., P.O. Box 64526, St. Paul, MN 55164-0526

ATTENTION: PLATE CORRECTIONS

Please make the following correction in the opinion in the case of:

Title: Sharon v. Hayden

No. 90-405

Vol. _____ Rptr. _____ Page 5

In first column, line 13 from top.
~~second~~ bottom.

Next, Sharon relying on District Court conclusion no. 2, argues he did encroach...

should read Next, Sharon relying on District Court conclusion no. 2, argues he did (not) encroach...

Signed _____

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182e
Item 509