

DA 12-0151

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 222

MUSSELSHELL RANCH COMPANY, a
Montana Corporation; MARY T. COOLEY,
DANIEL COOLEY, BRIAN COOLEY,
DARREN COOLEY, CALLIE RECH,
d/b/a/ COOLEY RANCH,

        Plaintiffs and Appellants,

   v.

NATALIYA SEIDEL-JOUKOVA, a/k/a
NATALIYA SEIDEL JOUKOVA, and
JOHN DOES 1-5,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                  In and For the County of Musselshell, Cause No. DV-09-43
                  Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                John R. Christensen, Ben T. Sather, Christensen Fulton & Filz, PLLC,
                Billings, Montana

        For Appellee:

                Daniel G. Gillispie, Gillispie Law Office, Billings, Montana

                      Submitted on Briefs:  August 15, 2012

                                Decided:  October 9, 2012

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     This is the second appeal by these parties to this Court.  A full factual recitation, procedural background and legal analysis is set forth in *Musselshell Ranch Co. v. Seidel-Joukova*, 2011 MT 217, 362 Mont. 1, 261 P.3d 570 (*Musselshell Ranch I*).  In this appeal, Musselshell Ranch and various individuals appeal the Fourteenth Judicial District Court's denial of their request for attorney fees.  We affirm.

## ISSUE

¶2     The dispositive issue on appeal is:

¶3     Did the District Court err in denying attorney fees to the Ranch?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     As noted above, an extensive factual background for this case is available in *Musselshell Ranch I*; however, for purposes of this Opinion, we provide a brief overview of pertinent facts.  Plaintiffs/Appellants, i.e., Musselshell Ranch, the Cooleys and Rech (collectively the Ranch), own the right to appropriate water from the Musselshell River. The Ranch is the successor-in-interest to these rights which have been in place for more than 100 years with John Cooley being one of the original owners in 1891.  The Ranch's water rights are utilized through an irrigation ditch generally known as the Cooley-Goffena Ditch (Cooley ditch).  With minor alterations, the Cooley ditch has been in its current location consistently and continuously for more than 100 years.

¶5     The Cooley ditch is currently accessible by Ranch personnel via two routes—a northern route through Joukova's property entering a west end access gate, and a southern route created by the Montana Department of Transportation (MDOT) as part of

MDOT's widening of Highway 12 in 2002. MDOT contoured the sides of the Cooley ditch and installed a lining and an underground pipeline as well as an east end access gate requested by the ditch users.

¶6 In 2006, defendant/appellee Nataliya Joukova purchased property through which a portion of the Cooley ditch flows. Shortly after taking possession of the property, Joukova graveled the two-lane road running along the north bank of the Cooley ditch that the Ranch had historically used to access the ditch. She also created an approach from the southern end across the pipeline installed by MDOT. She placed a permanent culvert in the Ranch's ditch and then covered it with a "sturdy rock bridge" that allowed her to drive over the Cooley ditch to access another section of her property. These, and other actions by Joukova, sparked serious disagreements with Ranch personnel and in August 2009, the Ranch brought suit against Joukova claiming she was interfering with the Ranch's easement rights in violation of §§ 70-17-101(11) and 70-17-112, MCA.

¶7 The District Court ruled in favor of Joukova on some issues and in favor of the Ranch on others. Specifically, the District Court concluded that the culvert and bridge could remain in place despite the Ranch's demand that it be removed. In response to the Ranch's claim that access to their ditch was blocked by a locked gate put in place by Joukova and that Joukova had removed a separate gate at the west end of the property, the court ruled that Joukova had to provide the Ranch with access through the locked gate and reinstall the removed gate. As a result of these and other rulings, the court concluded neither party had "prevailed" as required by § 70-17-112(5), MCA, and declined to award attorney fees and costs. Section 70-17-112, MCA, is the Montana statute expressly

3

prohibiting interference with canal and ditch easements. Section 70-17-112(5), MCA, provides: "If a legal action is brought to enforce the provisions of this section, the prevailing party is entitled to costs and reasonable attorney's fees."

¶8 The Ranch appealed the District Court's ruling in favor of Joukova as to the culvert and bridge but it did not appeal the court's ruling pertaining to attorney fees. On appeal, this Court reversed the District Court and remanded the matter with instruction that Joukova remove the culvert and bridge. We concluded that the installation of the culvert and rock bridge interfered with the Ranch's secondary easement rights vis-à-vis the Cooley ditch.

¶9 On remand, the District Court ordered Joukova to remove the culvert and bridge. The Ranch then moved the District Court for its attorney fees and costs pursuant to § 70-17-112(5), MCA. Following oral argument on December 8, 2011, the District Court denied the Ranch's request on two grounds: (1) the Ranch could have, and should have, appealed the issue of attorney fees and costs on the first appeal; and (2) the Ranch had not prevailed on all issues raised under § 70-17-112, MCA, and therefore was not entitled to attorney fees and costs. The Ranch appeals this ruling.

## STANDARD OF REVIEW

¶10 We review for correctness a district court's decision as to whether legal authority exists to award attorney fees. *Benintendi v. Hein*, 2011 MT 298, ¶ 16, 363 Mont. 32, 265 P.3d 1239.

## DISCUSSION

¶11 *Did the District Court err in denying attorney fees to the Ranch?*

4

¶12 The Ranch argues on appeal that it could not have appealed the court's original ruling denying fees and costs because, given the District Court's ruling allowing Joukova to retain the culvert and bridge over the Cooley ditch, it had not then prevailed on all issues pertaining to § 70-17-112, MCA; therefore, it was not entitled to fees and costs at that time. It maintains, however, that upon our favorable ruling issued in *Musselshell Ranch I*, it had prevailed on all issues pertaining to § 70-17-112, MCA, and was then entitled to fees and costs.

¶13 Joukova counters that the Ranch raised numerous claims under § 70-17-112, MCA, in the original law suit and that it did not prevail on all of them but chose not to appeal the loss of those claims, seeking to appeal only the retention of the culvert and bridge. We examine the issues raised by the Ranch at trial to determine whether those issues were raised pursuant to § 70-17-112, MCA, and whether the Ranch prevailed on those claims.

¶14 In the Complaint filed in August 2009, the Ranch asserted:

In violation of [the Ranch's] ditch easement and rights granted pursuant to Montana statutes, [Joukova] has interfered with [the Ranch's] ditch easement, flow of water and the right to access up to 25 feet on either side of the canal for maintenance, cleaning and bank preservation purposes. Specifically [Joukova has] removed two 16 foot panels and by removing those panels, [the Ranch] cannot access the ditch bank when there is water in the ditch. [Joukova] further installed a culvert within the ditch, without consulting with or permission by the owners of the ditch easement impeding water flow. [Joukova] or her agents (John Does 1-5) have built a roadway on the bank of the irrigation ditch and have utilized heavy equipment including a dozer on the bank causing concern over deteriorating the banks infrastructure. [Joukova has] threatened physical harm to [the individual Ranch plaintiffs] and [the Ranch's] agents.

5

¶15 In its Complaint, the Ranch demanded that the District Court, pursuant to "§ 70-17-101(11), § 70-17-112(1) and (2), MCA, establish and declare that the [Ranch has] a permanent and perpetual right-of-way and easement over [Joukova's] lands for the Cooley-Goffena ditch and further [has] a permanent right of ingress and egress of [Joukova's] land . . . for up to 25 feet on both sides of the canal for maintenance purposes." The Ranch further demanded that Joukova be "ordered to remove all obstructions and not to place any additional obstructions in the Cooley-Goffena ditch which may impede the flow of water" and that she be permanently enjoined "from interfering with [the Ranch's] access gates and other historical access for use and maintenance of the Cooley-Goffena ditch."

¶16 As the case developed, the Ranch challenged Joukova's right to drive and operate heavy equipment on the road along the northern bank of the ditch and to drive vehicles and heavy equipment over the highway approach built over the pipeline installed by the MDOT, claiming that such use could damage or weaken the ditch bank or underlying infrastructure.

¶17 In April 2010, the District Court issued a Pretrial Order setting forth the contentions of both parties. The Pretrial Order noted that the Ranch presented five[1] alleged actions by Joukova that constituted interference with the Ranch's easement: (a) removal of two 16-foot portable panels making access difficult or impossible; (b) removal of an access gate specifically installed by MDOT for the benefit of the ditch

---

[1] We acknowledge that six specific actions were listed in the Pretrial Order, including a challenge to Joukova's creation and use of an access approach from the south. This particular challenge was dismissed by the District Court prior to trial.

users and replaced with a continuously locked gate; (c) creation of a roadway on the north bank of the ditch which was constructed for the ditch users by the MDOT and was not designed to be used for vehicle and heavy equipment traffic; (d) placement of a culvert in the ditch which encroaches on the ditch and impedes the flow of water and hinders maintenance; and (e) threatened physical harm to individual Ranch plaintiffs and their agents when Ranch personnel entered Joukova's property for ditch maintenance purposes.

¶18     In the court's June 2010 Findings of Fact, Conclusions of Law and Order issued following trial, it determined that the placement of the culvert and bridge and Joukova's upgrade and utilization of the road adjacent to the Cooley ditch did not interfere with the Ranch's easement rights. The court concluded, however, that Joukova must replace the removed 16-foot panels and the removed gate at the west end of the property, and that she must allow access for Ranch personnel through both gates. The Ranch appealed the District Court's ruling on the culvert and bridge alone. This Court, as noted above, reversed the District Court on this issue and remanded with instruction that Joukova remove the culvert and bridge.

¶19     In summary, the Ranch ultimately prevailed on its claims pertaining to the 16-foot panels, the culvert and bridge, a replacement gate on the west end and unlimited access through both gates. It did not prevail on its claim that Joukova could not travel the gravel road along the north bank of the Cooley ditch.

¶20     On appeal, the Ranch avers:

7

The allegation that Joukova constructed a roadway over the north bank of the Cooley-Goffena Ditch was not made under § 70-17-112(1)-(2), MCA. Although [the Ranch] sought relief on this point, the allegations against Joukova did not pertain to interference with [the Ranch's] secondary easement rights. Thus, the fact Joukova prevailed on this issue is not relevant to the recoverability of attorneys' fees and costs under § 70-17-112(5), MCA.

¶21 The record, however, reveals that the Ranch provided no independent legal basis for this claim; rather, this allegation was embedded within the Ranch's arguments under § 70-17-112, MCA, without distinction from the remaining easement arguments. There is no support, therefore, for a conclusion that this argument was posited under a separate and distinct legal theory.

¶22 We now turn to whether the Ranch may still be considered a "prevailing party" having prevailed on the majority but not all of the issues raised pertaining to Joukova's interference with its easement rights. We conclude under our precedent that it cannot.

¶23 We first addressed this issue in *Knudsen v. Taylor*, 211 Mont. 459, 685 P.2d 354 (1984). In *Knudsen*, Taylor sued Knudsen alleging Knudsen failed to maintain his ditches properly, causing them to back up and seep onto Taylor's land. Taylor also accused Knudsen of removing a culvert that Taylor had installed to allow Taylor access to another section of his land. Knudsen filed a separate complaint arguing that Taylor was interfering with his ditch easement rights under § 70-17-112, MCA. *Knudsen*, 211 Mont. at 460-61, 685 P.2d at 355. The cases were consolidated and a jury trial was conducted. The jury ruled in favor of both parties on different issues but Knudsen was awarded $10,000 to Taylor's $666.48. Claiming to be the prevailing party based upon the net judgment, Knudsen sought attorney fees and costs under § 70-17-112(5), MCA.

*Knudsen*, 211 Mont. at 461, 685 P.2d at 356. The district court denied the request and Knudsen appealed. We held on appeal that "the District Court was correct in finding in effect there was no prevailing party in the cause in the contemplation of Section 70-17-112(5), MCA, and properly denied attorney fees." *Knudsen*, 211 Mont. at 464, 685 P.2d at 357.

¶24 Subsequently, in *Sharon v. Hayden*, 246 Mont. 186, 803 P.2d 1083 (1990), Sharon sued Hayden, the holder of a ditch easement on Sharon's property, claiming Hayden "unreasonably burdened his land by using heavy equipment to clear the irrigation ditch, constructing a roadway along the ditch and constructing gates at locations along Sharon's fence line to allow access to the roadway." *Sharon*, 246 Mont. at 187, 803 P.2d at 1084. Hayden answered seeking adjudication of his secondary easement rights and requested attorney fees under § 70-17-112(5), MCA. The district court granted Hayden all easement rights but ordered that each party bear their own fees and costs. *Sharon*, 246 Mont. at 188, 803 P.2d at 1085. On appeal, we reversed the district court holding that Hayden had successfully enforced both § 70-17-112(1) and (2), MCA; therefore he was "entitled, as the prevailing party, to costs and reasonable attorney fees." *Sharon*, 246 Mont. at 190, 803 P.2d at 1086. *See also Boylan v. Van Dyke*, 247 Mont. 259, 266, 806 P.2d 1024, 1029 (1991) ("Here, Mr Boylan failed to prevail in any of his claims. . . . [D]efendants prevailed and are therefore entitled to costs and attorney fees as a matter of law.").

¶25 In *Rieman v. Anderson*, 282 Mont. 139, 935 P.2d 1122 (1997), we acknowledged that the district court had determined that Anderson was the prevailing party on "all

issues" pertaining to § 70-17-112, MCA, and was entitled to attorney fees. *Rieman*, 282 Mont. at 148, 935 P.2d at 1127.

¶26 Notably, in *Engel v. Gampp*, 2000 MT 17, 298 Mont, 116, 993 P.2d 701, we categorically stated "In order to be deemed a 'prevailing party' for the purposes of § 70-17-112(5), MCA, we have strictly held that a party must successfully prevail on *all* claims raised pursuant to this statute." *Engel*, ¶ 40. (Emphasis in original.) We have since reaffirmed this holding in *Espy v. Quinlan*, 2000 MT 193, ¶ 28, 300 Mont. 441, 4 P.3d 1212, *Graveley Simmental Ranch, Co. v. Quigley*, 2003 MT 34, ¶ 49, 314 Mont. 226, 65 P.3d 225, and *Byrum v. Andren*, 2007 MT 107, ¶ 67, 337 Mont. 167, 159 P.3d 1062.

¶27 This line of cases unequivocally establishes that a "prevailing party" under § 70-17-112(5), MCA, must prevail on all claims raised pursuant to § 70-17-112, MCA. In the case before us, the Ranch, while prevailing on the majority of claims, did not prevail on *all* claims. As such it is not entitled to fees and costs under § 70-17-112(5), MCA.

¶28 Having determined the Ranch is not entitled to attorney fees and costs as a matter of law, we need not address the District Court's ruling that the Ranch should have appealed the fee issue during *Musselshell Ranch I.*

## CONCLUSION

¶29 For the foregoing reasons, we affirm the District Court's denial of Musselshell Ranch's request for attorney fees.

10

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES C. NELSON

Justice Jim Rice, concurring.

¶30 I concur with the Court's opinion because it accurately applies the law regarding attorney fees under § 70-17-112(5), MCA, including the principle stated in ¶ 26 of the Opinion that "we have strictly held that a party must successfully prevail on *all* claims raised pursuant to this statute" in order to qualify for fees. *Engel*, ¶ 40. (Emphasis in original.)

¶31 That said, I harbor doubts about *Engel*'s holding in this regard. I fail to see why a party who prevails in an action "to enforce the provisions" of § 70-17-112(5), MCA, as Musselshell Ranch did here, should not be entitled to a statutory fee award. At a minimum, the trial court should be able to determine, under the usual standards, whether the party seeking enforcement is the "prevailing party" of the entire litigation and thus entitled to fees. *See Avanta Fed. Credit Union v. Shupak*, 2009 MT 458, ¶¶ 45-50, 354 Mont. 372, 223 P.3d 863. However, *Engel*'s holding has been affirmed in subsequent cases by this Court, and until the Legislature addresses the issue or a persuasive argument is made for this Court to overturn precedent, I believe *stare decisis* requires that Musselshell Ranch's claim for fees be denied.

11

/S/ JIM RICE

Justice James C. Nelson joins in the concurring opinion of Justice Rice.

/S/ JAMES C. NELSON

Justice James C. Nelson, concurring.

¶32    Based on *Engel v. Gampp*, 2000 MT 17, ¶ 40, 298 Mont. 116, 993 P.2d 701, and the line of authority discussed at ¶¶ 23-26 of today's Opinion, I concur in the Court's conclusion that since the Ranch did not prevail on *all* of the claims it brought under § 70-17-112, MCA, it was not entitled to attorney's fees as the "prevailing party" in this litigation pursuant to § 70-17-112(5), MCA.  That is the current state of the law.

¶33    That said, if the Ranch views our decision here as adding insult to its injury, I can certainly commiserate with that sentiment.  The Ranch did prevail on its main claim under the statute—forcing Joukova to remove her culvert and rock bridge which she had unlawfully constructed in the Ranch's irrigation ditch.

¶34    In *Musselshell Ranch I*, I strongly criticized and dissented from this Court's determination to judicially rewrite § 70-17-112(2), MCA, so as to add, among other things, this Court's own "public policy" determinations to the otherwise plain and unambiguous text of the statute.  *Musselshell Ranch I*, ¶¶ 75-77, 81 (Nelson, J., concurring in the result but dissenting from the reasoning).  I pointed out that this Court's decision placed irrigators in an untenable position.  I observed that "[t]here is no reason,

12

much less any legal basis, why owners of canal or ditch easements should have to defend, as they henceforth must, their statutory easement rights from the 'interference' (reasonable or otherwise) of every hobby rancher with 20 acres and a horse." *Musselshell Ranch I*, ¶ 82 (Nelson, J., dissenting).

¶35   If irrigators expect to retain the full measure of the ditch and canal rights they once enjoyed, it will be up to the next session of the Legislature to amend § 70-17-112, MCA, so as to correct the damage to the statute done by this Court's judicial rewriting of it. *See Musselshell Ranch I*, ¶ 85 (Nelson, J., dissenting). And, lest the importance of amending the statute be lost on irrigators, they should keep in mind that this Court also took the position in *Musselshell Ranch I* that if the Legislature *does nothing* this next session to fix § 70-17-112, MCA, then this Court will "presume" that the Legislature agrees with our decision to rewrite the statute. *See Musselshell Ranch I*, ¶ 14 (Court's opinion), ¶¶ 53-59 (Nelson, J., dissenting).

¶36   Finally, in amending § 70-17-112, MCA, the Legislature may also wish to include a revised attorney's fees provision in the statute. In future cases, where the irrigator successfully litigates an unlawful encroachment upon or impairment to its ditch or canal rights, the irrigator should be awarded its costs and reasonable attorney's fees for prevailing on its main claim under the statute.

¶37   With these caveats, I concur.

/S/ JAMES C. NELSON