JUSTICE RICE,
concurring in part and dissenting in part.
¶124 Much has already been said in the preceding opinions, and I am loath to contribute to the complexity of the case, but I believe the Court’s easement analysis is fundamentally flawed and that easement law will be significantly reordered by the Opinion in a manner inconsistent with longstanding principles.
¶125 Citing only to foreign authority, the Court states that “the general rule” is that “the width of a public prescriptive roadway extends beyond the traveled portion of the road to include areas necessary for its support and maintenance.” Opinion, ¶ 25 (emphasis added). The Court further holds that “the width of a county road or bridge acquired by prescription must be sufficient to encompass the incidents necessary to enjoying, supporting and maintaining the roadway.” Opinion, ¶ 30 (emphasis added); see also ¶ 26. I disagree that the width or area of an easement is so determined. The width of a roadway easement obtained by prescription, as the Court notes but does not enforce, is “ ‘determined as a question of fact by the character and extent of its use ....’” Opinion, ¶ 28 (quoting Portmann, 149 Mont, at 95,423 P.2d at 58 (emphasis added)). As Portmann further explains *328 about public highway prescription cases, “ ‘the public may obtain title by adverse possession of that only which it has occupied during the full statutory period.’ ” Portmann, 149 Mont, at 95,423 P.2d at 58 (citation omitted) (emphasis added). The precise area of a public prescriptive easement is that which the public used or occupied during the prescriptive period, as determined by the evidence. This is the law of Montana, consistent with the statutory directive that the “extent of a servitude is determined by ... the nature of the enjoyment by which it was acquired.” Section 70-17-106, MCA.
¶126 Then, “ ‘[w]hen an easement or other property right is created, every right necessary for its enjoyment is included by implication.’ ” Mattson v. Mont. Power Co., 2009 MT 286, ¶ 37, 352 Mont. 212, 215 P.3d 675 (citation omitted). As the Court notes, a public road obtained by prescriptive use “contemplates the general public’s use” of additional area necessary for “repairs and maintenance.” Opinion, ¶ 24. This is so, because in addition to the easement itself, those “necessary incidents” without which the easement cannot be enjoyed must accompany the easement. “The right to enter upon the servient tenement for the purpose- of repairing or renewing an artificial structure constituting an easement, is called a ‘secondary easement,’ a mere incident of the easement that passes by express or implied grant or is acquired by prescription.” Sharon v. Hayden, 246 Mont. 186, 190, 803 P.2d 1083, 1086 (1990) (citation omitted). About necessary incidents, we have likewise explained that “[t]hese rights are in the nature of a ‘secondary easement,’ i.e., ‘[a]n easement that is appurtenant to the primary or actual easement; the right to do things that are necessary to fully enjoy the easement itself.’ ” Mattson, ¶ 37 (citingBlack’s Law Dictionary 587 (Bryan A. Garner ed., 9th ed., West 2009)). Although the Court eschews the term “secondary easement,” this has long been fundamental easement law, as explained in ¶ 109 of Justice McKinnon’s dissenting opinion.
¶127 However, the Court has departed from these principles and has instead created a new “super easement,” or what is denominates as a “single, unified, public road right-of-way,” Opinion, ¶ 32, wherein -the necessary incidents of the easement’s enjoyment, and the area associated with the necessary incidents, become part of the easement width itself-expanding the area of the easement beyond that actually acquired by the public’s use or occupancy. See Opinion, ¶¶ 26, 32. It cites inapplicable statutes as authority for doing so, as noted by Justice McKinnon. Dissent, ¶ 95. The error here is that the necessary incidents are of a different character than the acquired easement, and *329 do not merge with it. The incidents are not part of “[t]he extent of a servitude” because they are not “the nature of the enjoyment by which it was acquired.” Section 70-17-106, MCA. They are acquired only “ ‘by implication.’ ” Mattson, ¶ 37 (citation omitted). “Of course, nothing passes by implication as incidental to the grant of an easement except that which is reasonably necessary to its fair enjoyment.” Mattson, ¶ 37. Incidents, as an implied interest, cannot merge with an easement because they are subject to change, both expansion and contraction, depending upon the circumstances that are necessary for the easement’s enjoyment.
¶128 Nonetheless, the Court declares the additional area or width accommodating the incidents of a publicly acquired prescriptive easement has the character of the easement itself, such that all other “uses that are reasonably foreseeable” may be made, Opinion, ¶ 51, and that “all uses that are permissible to the public under the laws of this state are permissible uses,” Opinion, ¶ 47 (citing Lovvorn, 701 P.2d at 144). The Court thus uses authority standing for the proposition that a publicly acquired prescriptive easement can be used for all public purposes, and then extends that proposition to any area necessary for the implied incidents as well, opening the entirety of the area that is incidentally necessary for the easement’s use to full public enjoyment of “all uses that are permissible.” Opinion, ¶ 47. I believe this is a sweeping departure from established law and agree with ¶ 100 of Justice McKinnon’s dissent in this regard. If the area incidentally necessary can be so used, then, as Kennedy argues, “the easement could be expanded forever” because an additional area will always be incidentally necessary for use of the primary area. If “[f]oot travel over... embankments and abutments” is reasonably foreseeable, as the Court posits, Opinion, ¶ 52,1 surmise that most any other use would be as well. I dissent from this holding under Issue 1, and to those portions of Issue 3 expanding the necessary incidents of an easement to other uses and enjoyment.
¶ 129 I agree with the Court that recreational use should likewise be considered in determining the area of the easement that was acquired by the public. I join the Court in remanding for consideration of that evidence under Issue 2, but I would limit that remand to the easement principles discussed above. Because Seyler Lane is a public road acquired by prescription, and PLAA’s claim is based upon prescriptive use, the issue on remand-“the scope of a public road right-of-way established by prescription],” Opinion, ¶ 51-necessarily requires application of these principles. I join the Court on Issues 4 and 5.