FILED

07/05/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0668

DA 15-0668

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 160N

CANYON VIEW FARMS, INC.,

        Plaintiff and Appellant,

    v.

KAREN L. AINSLIE and SHARON M. SCOTT,

        Defendants and Appellees.

             

KAREN L. AINSLIE and SHARON M. SCOTT,

        Counterclaim Plaintiffs,

    v.

CANYON VIEW FARMS, INC., WILLIAM R. HOCKER,
SHERRI HOCKER, and RUSSELL HOCKER,

        Third Party Defendants
        and Appellants,

    and

ROBERT HOCKER,

        Third Party Defendant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
               In and For the County of Lake, Cause No. DV-14-219
               Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Liesel Shoquist, Dylan McFarland, Rachel H. Parkin, Milodragovich,
               Dale & Steinbrenner, P.C., Missoula, Montana

For Appellees:

    Douglas D. Harris, Douglas Harris Law Offices, Missoula, Montana

    Clifford Irwin, Irwin Law Office, P.C., Missoula, Montana

Submitted on Briefs:  May 18, 2016

Decided:  July 5, 2016

Filed:

Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Canyon View Farms, Inc., William R. Hocker, Sherri Hocker, Russell Hocker, and Robert Hocker, (collectively "the Hockers") appeal from an order granting partial summary judgment and a Findings of Fact and Conclusions of Law and Order entered by the Montana Twentieth Judicial District Court.  We affirm.

¶3    Canyon View Farms, Inc. is a Montana corporation primarily engaged in potato farming run by the Hockers in Lake County.  The defendants and appellees in the case, sisters Karen Ainslie and Sharon Scott (collectively "the Scotts"), own property contiguous to Canyon View Farms.  Canyon View Farms has an irrigation easement for an irrigation pipeline across the Scotts' land that was initially granted to the Hockers by Contract for Deed on February 18, 1974.  On November 30, 1974, the Scotts' predecessor in interest, Virginia L. Scott, entered into an Easement and Agreement of Release with Canyon View Farm's predecessors in interest, William C. Hocker and Phyllis D. Hocker. The Agreement provides, in part, "[Scott] does hereby give and grant unto the [Hockers] a new easement for an irrigation pipeline from the U.S. feeder canal . . . West along the South boundary of the above described land of [Scott]" to the Hockers' property.  The

Agreement also included a "reasonable right of entry along said pipeline for repair and replacement, same to be a perpetual, non-exclusive easement appurtenant to the land . . . ." The District Court found that the irrigation pipeline easements established, by law, a corresponding secondary easement for their maintenance. The Hockers have used the easement to reach the feeder canal to maintain their irrigation line during the April to September irrigation season since 1975.

¶4 To access the canal across the secondary easement, the Hockers have traveled on foot, by motorcycle, four-wheeler, and pickup. The Hockers can also access the canal by public road, which adds several minutes to the trip. The current dispute between the neighbors over the existence, scope, and use of the easement began in May of 2013. The record reflects disagreements regarding the easement access including trespass by the Hockers outside the easement, blockade of the easement access by the Scotts, mutual disrespect, and mistreatment, which devolved into unfortunate violence between the neighbors. As a result, the Scotts barricaded and blocked the Hockers' access to the easement. Because their access was blocked, the Hockers filed suit against the Scotts for declaratory and injunctive relief. The Scotts asserted counterclaims against the Hockers for trespass and for tortious interference with property rights and peaceful enjoyment of real property. The Hockers then filed a motion for summary judgment and a motion to amend to include tort claims against the Scotts due to their "outrageous and harassing" behavior. The District Court determined that an easement existed across the Scotts' property for reasonable use and access to the feeder canal. The court determined that the

remaining issues did not warrant summary judgment and denied the Hockers' motion to amend.

¶5 The District Court then held a hearing on the remaining issues and issued a Findings of Fact, Conclusions of Law, and Order. In the Order, the court determined that the Hockers possess an easement by express grant for an underground irrigation pipeline together with a secondary easement above the pipeline for maintenance. The court concluded the Hockers are entitled to reasonable use of the easement during the irrigation season between April 15 and September 15 for maintenance, including maintaining the pipeline works at the canal on a daily basis. Because there is alternative access, the District Court determined:

> "[R]easonable" access via the 15 foot easement is deemed to be once per day during the irrigation season, and only by foot, one motorcycle, or one four-wheeler. No dogs shall accompany the daily trip via the easement, and no pickups shall be allowed to traverse the easement. Any other access to the feeder gate must be by alternate road travel.

The court also concluded that the Hockers could access the easement to maintain the underground irrigation pipeline with proper notice to the Scotts.

¶6 The District Court found that the Scotts' blockade of the easement was a violation of § 70-17-112, MCA. Finally, the court concluded that the Scotts failed to present evidence of tortious interference with property rights and peaceful enjoyment of property, nor did they prove damages related to those claims.

¶7 The Hockers raise three issues on appeal. First, they argue that the District Court erred by arbitrarily limiting the Hockers' methods of access to foot, motorcycle, or four-wheeler, and in limiting their use to only one trip per day during the irrigation

5

season. Second, they argue that the District Court abused its discretion by denying the Hockers' request to amend their complaint to include various tort claims based on the Scotts' "outrageous and harassing" behavior. Third, they argue the District Court erred in concluding that the Hockers are not entitled to attorney fees under § 70-17-112(5), MCA, for defending their easement right.

**Reasonable Use of Secondary Easement Access**

¶8 The Hockers claim that the District Court arbitrarily and unreasonably limited their methods of access to the secondary easement improperly restricting their right to use the easement for maintenance and repair. After making findings on the scope of the easement, the District Court concluded as a matter of law that the Hockers may use the 15-foot easement once per day during the irrigation season, and only by foot, one motorcycle, or one four-wheeler, with no dogs and no pickups on the easement.

¶9 The scope of an easement is a question of fact with a "view to the situation of the property and the surrounding circumstances." *Guthrie v. Hardy*, 2001 MT 122, ¶ 47, 305 Mont. 367, 28 P.3d 467. We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Whary v. Plum Creek Timberlands*, 2014 MT 71, ¶ 8, 374 Mont. 266, 320 P.3d 973 (citation omitted).

¶10 The District Court made findings of fact and determined that a valid easement existed across the Scotts' property, consisting of a primary easement for an irrigation pipeline from the U.S. feeder canal and a corresponding secondary easement for maintenance. The court made findings regarding the Hockers' use and needs for the

6

easement based on the evidence. The court identified the character of the easement as a path, not a road, along the fence line in a partially wooded area of the Scotts' property. The court also reviewed the current history of conflict including confrontations, misuse of the easement, obstruction of the easement, threats, and violence as part of the "view to the situation and circumstances of the property." The District Court did not err because it fashioned an appropriate remedy based upon the evidence and its conclusions regarding reasonable use of the easement.

**Denial of Motion to Amend**

¶11 The Hockers argue the District Court abused its discretion when it denied their motion to amend. The Hockers sought to amend the pleadings to include four tort claims and filed the request to amend three days prior to the close of discovery.

¶12 We review a district court's denial of a motion to amend a pleading for an abuse of discretion. *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690. A district court may deny a motion to amend "for an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." *Farmers Coop.*, ¶ 12 (citation omitted). Here, the District Court denied the amendment because it was not timely and would likely delay and prejudice the Scotts. The District Court's basis for denial was proper and the court did not abuse its discretion.

**Attorney Fees Pursuant to § 70-17-112(5), MCA**

¶13   The Hockers argue that the District Court erred in concluding that they were not entitled to attorney fees under § 70-17-112(5), MCA.  The District Court found that the Scotts were in violation of § 70-17-112, MCA, but concluded there would be no award of attorney fees under the statute because the Hockers' conduct was also improper, the Hockers failed to show damages, and the Scotts removed the impediments as soon as they had notice of the secondary maintenance easement.

¶14   We have concluded under § 70-17-112(5), MCA, that the statute provides for attorney fees when a party has prevailed on all claims raised pursuant to § 70-17-112, MCA.  *Musselshell Ranch Co. v. Seidel-Joukova*, 2012 MT 222, ¶ 27, 366 Mont. 337, 286 P.3d 1212.

¶15   The Hockers' claims under § 70-17-112, MCA, included an unlimited scope of use of the secondary maintenance easement.   The Hockers did not prove or prevail on this claim as the District Court's definition of the secondary easement granted the Hockers only limited access.   Further, the District Court found that because the Hockers trespassed on the Scotts' property on at least two occasions, the Hockers had acted inappropriately.   The court determined the Hockers abused their right to access the easement and failed to show damages as a result of the blocked easement.   Ultimately, the District Court chose not to award attorney fees because such an award would, in part, ratify the Hockers' improper actions in the dispute.  The District Court did not err when it concluded the Hockers were not entitled to attorney fees because the Hockers did not prevail on all of their claims.

8

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON

9