DA 10-0162

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 232

FREDERICK HARMON and MADELENA HARMON,

       Plaintiffs and Appellees,

  v.

FISCUS REALTY, INC.,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 08-0946
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Jock B. West; West Law Firm, P.C., Billings, Montana

       For Appellees:

       Benjamin J. LaBeau; LaBeau Law Firm, L.L.C., Billings, Montana

Submitted on Briefs:  August 31, 2011

Decided:  September 20, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Fiscus Realty appeals from the District Court's Order and Decision of January 8, 2010, denying Fiscus Realty's request for an award of attorney fees. We affirm.

¶2     Fiscus Realty argues that the District Court erred by denying its request for attorney fees as the prevailing party in a claim brought under the Montana Unfair Trade Practices and Consumer Protection Act, §§ 30-14-101, et seq., MCA.

## BACKGROUND

¶3     In 2006 Frederick and Mandelena Harmon were looking for a house to buy and Mandelena went to her friend Dianne Burright for help. Dianne Burright was a licensed real estate salesperson who worked for Fiscus Realty, under the supervision of real estate broker Clayton Fiscus, owner of Fiscus Realty. Dianne worked in the Fiscus Realty office and drove a car with Fiscus Realty advertising on it. She assisted the Harmons in improving their credit rating, arranging financing and viewing homes for sale. After showing a house to Mandelena, Dianne showed her a house that Dianne's husband Jerry was building. Dianne made representations about the quality of the house and about the warranty that Jerry would provide. The Harmons decided to buy the house. Dianne prepared the buy-sell agreement at the Fiscus Realty office using a form that named Fiscus Realty as the "selling real estate firm," identified Dianne as the "salesperson," and named Fiscus Realty as the "brokerage company."

¶4     After purchasing the house the Harmons discovered numerous construction problems, including water entry through the roof and windows. This water damaged the

2

house and caused mold to appear. The Harmons could not resolve the issues with Jerry Burright. In 2008 they sued Jerry and Dianne Burright and Fiscus Realty, raising several causes of action including a claim under the Unfair Trade Practices and Consumer Protection Act. The parties engaged in discovery and filed pretrial motions. The District Court denied Fiscus Realty's motions for summary judgment and for a separate trial, finding that there were genuine issues of material fact as to the relationship between Dianne Burright and Fiscus Realty; that summary judgment was therefore not appropriate; and that separate trials were not warranted. The District Court also denied the Harmons' motion for summary judgment.

¶5 In December, 2009, the case was tried to a jury which returned a verdict in favor of the Harmons and against Jerry and Dianne Burright for $80,000 on breach of warranty and negligent misrepresentation claims. The only claim against Fiscus Realty that the District Court sent to the jury was under the Real Estate Licensing Act, and the jury found for Fiscus Realty on that claim. The jury found for the Burrights on the claim brought under the Unfair Trade Practices and Consumer Protection Act, but was not asked to determine whether Fiscus Realty violated the Act.

¶6 After trial, Fiscus Realty and the Burrights moved the District Court to award them attorney fees as prevailing parties under the Unfair Trade Practices and Consumer Protection Act. The District Court denied the motions and Fiscus Realty appeals.

**STANDARD OF REVIEW**

¶7 This Court reviews a district court's decision granting or denying attorney fees for abuse of discretion. *Blue Ridge Homes, Inc. v. Thein*, 2008 MT 264, ¶ 20, 345 Mont.

3

125, 191 P.3d 374. An abuse of discretion occurs when the court "acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *State v. Essig*, 2009 MT 340, ¶ 14, 353 Mont. 99, 218 P.3d 838.

## DISCUSSION

¶8 The Harmons' complaint stated a number of causes of action against Dianne Burright, including a claim under the Unfair Trade Practices and Consumer Protection Act. The Harmons' claims against Fiscus Realty, including a claim under the Act, were based upon the contention that Fiscus Realty was liable, as employer and principal, for the conduct of Dianne Burright. In an action brought under the Act the district court "may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action." Section 30-14-133(3), MCA.

¶9 In *Tripp v. Jeld-Wen, Inc.*, 2005 MT 121, 327 Mont. 146, 112 P.3d 1018, this Court considered the issue of when a prevailing defendant may qualify for an award of attorney fees under the Act. The standard for applying § 30-14-133(3), MCA, is that a district court may award attorney fees to a prevailing defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Tripp*, ¶ 37 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)). This standard requires more than the plaintiff's losing the case, and a district court must not engage in hindsight reasoning as to the merits of a case that would "discourage all but the most airtight claims." *Christiansburg*, 434 U.S. at 422, 98 S. Ct. at 700.

4

¶10 In the November, 2008, Order and Decision denying Fiscus Realty's motion for summary judgment the District Court found that the Harmons had bought their house through realtor Dianne Burright, and that Burright was "employed by Fiscus [Realty] as a sales person." Mandelena Harmon contacted Dianne at the Fiscus Realty office, who showed her a home for sale before leading her to the house being constructed by her husband Jerry. Dianne drove a car with Fiscus Realty advertisements on it "throughout the transaction" and gave Mandelena a Fiscus Realty business card. Dianne conducted all business related to the sale from the Fiscus Realty office and used forms with Fiscus Realty's name on them. Mandelena received no notification that Dianne was not acting as an agent of Fiscus Realty in the transaction.

¶11 In its post-trial Order and Decision denying Fiscus Realty's motion for an award of attorney fees, the District Court summarized the factual situation of this case:

> In this case there was a conjunction of and interplay between three non-stranger relationships—the erstwhile friendship between the [sic] Mandelena and Dianne, the standing agency relationship between Dianne and Fiscus, and the marriage between the person who built Plaintiffs' house and the person who sold it. Given the non-stranger relationships, the disputed facts surrounding them, and the undisputed problems with Plaintiffs' home, the Court does not believe Plaintiffs' unfair trade practices claims were so unreasonable, unfounded, or frivolous that attorney fees should be awarded. In addition, the Court agrees with Plaintiffs that Montana would err on the side of allowing the would-be plaintiffs to bring claims in the consumer protection area. The issue of attorney fees was a close and difficult one for the Court to decide, especially with respect to Defendant Fiscus Realty.

It is evident that the District Court carefully considered the case under the proper standard from *Tripp* and made a conscientious, reasoned decision in denying an award of fees to Fiscus Realty.

5

¶12    The District Court did not act in the absence of conscientious judgment and did not exceed the bounds of reason.    The District Court's pretrial orders and its cogent summary of the case in the order denying the motion for attorney fees amply demonstrate that it was fully aware of the facts of the case and fairly and conscientiously applied the applicable law.  There was a credible issue of fact as to the relationship between Dianne Burright and Fiscus Realty sufficient to go to the jury.  While the District Court and the jury ultimately found that the Burright-Fiscus Realty relationship was insufficient to impose liability on Fiscus Realty, the claims had a basis in fact and law and were not frivolous, unreasonable or unfounded. The District Court therefore did not abuse its discretion in denying an award of attorney fees to Fiscus Realty.

¶13    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE