# FILED

November 29 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0234

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 298

JULIA BENINTENDI, JOEY PERKEREWICZ,
and SARAH PERKEREWICZ, f/k/a SARAH
BUSHNELL,

       Plaintiffs and Appellants,

   v.

JESSE HEIN and TERA HEIN,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 09-467
                    Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC,
           Billings, Montana

       For Appellee:

           Jack E. Sands, Attorney at Law, Billings, Montana

Submitted on Briefs:  November 2, 2011

Decided:  November 29, 2011

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Jesse and Tera Hein rented a house from Julia Benintendi and Joey and Sarah Perkerewicz (hereinafter B&P). B&P alleged the Heins caused considerable damage to the property when they vacated the premises. The Heins countered that B&P unlawfully retained their security deposit and refused to reimburse the Heins for home and lawn improvements. B&P sued and obtained a default judgment. Subsequently, the District Court set aside the default judgment and held a jury trial. B&P were awarded damages but not attorney fees or costs. They appeal. We affirm in part and reverse and remand in part.

## ISSUES

¶2     A restatement of the issues on appeal is:

¶3     Did the District Court err in denying B&P's request for attorney fees?

¶4     Did the District Court err in not awarding costs?

¶5     Did the District Court abuse its discretion in setting aside the default judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     On June 30, 2006, the Heins rented a house from B&P. With an extension of the rental agreement, the Heins were authorized to occupy the property until July, 1, 2008. The Heins vacated on March 31, 2008. B&P alleged the Heins caused considerable damage to the property. As a result they retained the $1,100 security deposit. The Heins countered that B&P's retention of their security deposit was unlawful and that B&P refused to reimburse the Heins for approximately $3,000 in home and lawn improvements. When agreement between the parties could not be reached, B&P filed a

Complaint on April 1, 2009. Jesse was served with the Complaint on August 24, 2009, and Tera was served on August 26, 2009.

¶7 Jeff Walters, a non-lawyer family friend of the Heins, contacted Toby Alback, B&P's attorney, shortly after the Heins were served to see if a settlement could be reached. Alback assured Walters that he would not seek a default judgment while settlement negotiations were underway, and therefore the Heins did not yet need to hire an attorney to prepare and file their answer. Several weeks went by during which Walters tried to contact Alback on several occasions and Alback did not return his calls.

¶8 On October 16, 2009, Alback moved for default against the Heins. Alback did not serve the Heins with his affidavit or his request for default. The Clerk of Court entered a default for failure of either Tera or Jesse to appear or answer the Complaint. On October 23, Attorney Green filed a Notice of Appearance as new counsel for B&P and on October 28, Green filed an Application for Entry of Default Judgment. The Heins were not served with the Notice of Appearance or the Application for Entry of Default Judgment.

¶9 Subsequently, the Heins received notice of a hearing set for November 6, 2009, to establish damages on default. On November 2, Tera, acting pro se, sought a continuance of the hearing because Jesse was in the veteran's hospital in South Dakota. However, also on November 2 and before the November 6 hearing, the District Court, unaware of Tera's Motion for Continuance, issued Default Judgment against the Heins and awarded the sum of $10,907.40 to B&P, which included attorney fees and costs. The court did not serve the Default Judgment on the Heins and the November 6 hearing was not held.

3

¶10    B&P filed several writs of execution—one was served on January 6, 2010, upon Tera's employer, a company owned by Tera's parents. On April 11 and 12, 2010, the Heins were served with subpoenas to appear and testify concerning property and to produce property documents. The Heins engaged Attorney Sands who made an appearance for them on April 30, 2010, filing a motion to set aside the default judgment.

¶11    At some time between the dates Tera's parents received a writ of execution and the Heins moved to set aside the default, the Heins paid $1,465.96 to B&P toward the default judgment award. After the default judgment was set aside, Heins attempted to recover these funds but B&P did not reimburse the funds prior to trial.

¶12    Over B&P's objection and following a hearing, the District Court set aside the default judgment on July 6, 2010. The Heins filed their Answer and Counterclaim with request for jury trial on July 29, 2010. The trial was held on January 18 and 19, 2011. B&P were awarded damages totaling $2,281.19.

¶13    Both parties raised the issue of attorney fees and costs in their pretrial briefs. The attorneys filed their bills of costs within five days of the verdict. B&P sought $20,680 in attorney fees and $1,148.19 in costs. Heins sought $5,000 in attorney fees and $763.72 in costs. Both parties claimed to be the "prevailing party" per the language of the rental agreement clause authorizing fees and costs. The court held a hearing on fees and costs on February 28, 2011. On March 22, 2011, the court issued its Order and Memorandum.

¶14    The District Court reviewed the "attorney fee" clause in the rental agreement and concluded it applied to eviction proceedings only and therefore was not applicable to the dispute before the court. Accordingly, it ruled that an award of attorney fees was not

4

"specifically authorized" under the rental agreement. The court then considered its discretion to award attorney fees and concluded "[g]iven the totality of the circumstances in this case" awarding fees and costs to either party was inappropriate.

¶15 The District Court entered judgment on March 22, 2011, against B&P for $1,465.96 (the amount collected from the Heins before default judgment was set aside), and judgment against the Heins for the verdict amount of $2,281.19. Because B&P was holding the Heins' security deposit of $1,100 and had already collected $1,465.96 from the Heins earlier, the court ordered B&P to pay the Heins $284.77. B&P appeal.

### STANDARD OF REVIEW

¶16 We review for correctness a district court's decision as to whether legal authority exists to award attorney fees. We review for an abuse of discretion a district court's order granting or denying attorney fees if legal authority exists for the fees. *Hughes v. Ahlgren*, 2011 MT 189, ¶ 10, 361 Mont. 319, 258 P.3d 439. We also review a district court's denial of costs for an abuse of discretion. *Hansen v. Granite Co.*, 2010 MT 107, ¶ 55, 356 Mont. 269, 232 P.3d 409. An abuse of discretion occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Harmon v. Fiscus Realty, Inc.*, 2011 MT 232, ¶ 7, 362 Mont. 135, 261 P.3d 1031.

¶17 When a trial court grants a motion to set aside a default judgment, the court's ruling will be set aside only upon a showing of manifest abuse of discretion. *Hoff v. Lake Co. Abstract & Title Co.*, 2011 MT 118, ¶ 18, 360 Mont. 461, 255 P.3d 137 (*citing Engelsberger v. Lake Co.*, 2007 MT 211, ¶ 8, 339 Mont. 22, 167 P.3d 902.). A manifest

5

abuse of discretion is one that is "obvious, evident, unmistakable." *Bartell v. Zabawa*, 2009 MT 204, ¶ 10, 351 Mont. 211, 214 P.3d 735.

## DISCUSSION

¶18 *Did the District Court err in denying B&P's request for attorney fees?*

¶19 Relying upon *Old Fashioned Baptist Church v. Mt. Dept. of Revenue*, 206 Mont. 451, 671 P.2d 625 (1983), B&P argue on appeal that the District Court exceeded its jurisdiction when it interpreted the attorney fee clause in the rental agreement. They maintain that the parties had already agreed that the rental agreement provided for an award of attorney fees to the prevailing party; therefore, the court need only have determined which of the parties prevailed. B&P assert that because the parties did not argue that the attorney fee provision in the rental agreement was ambiguous, it was not an issue before the court, and the court exceeded its jurisdiction by so deciding.

¶20 B&P also argue that the court abused the discretion granted by § 70-24-442, MCA, when it did not award attorney fees to them. B&P appear to claim that the District Court should require the Heins to pay their attorney fees because of the time this matter took to achieve resolution. They do not specifically allege wrongdoing on the part of the Heins, but rather imply that but for the Heins' actions to have the default judgment set aside and the subsequent discovery and trial, B&P's fees would be $300 instead of $20,680. They offer no authority for their argument that because the Heins lawfully interposed a defense and took the case to trial, the court was somehow obligated to award them their full measure of attorney fees.

¶21 Addressing the rental agreement claim, the fee clause provides:

6

> The violation of any of the conditions of this agreement shall be sufficient cause of eviction from said premises, Tenant agree [sic] to pay all casts [sic] of such action, including reasonable attorney's fees and processing fees as may be fixed by courts of Law.

The District Court interpreted this language to apply to eviction proceedings only, and concluded that because the dispute before the court was not an eviction proceeding, the attorney fee clause did not apply.

¶22 We reject B&P's argument that the District Court erred in interpreting this clause. Unlike *Old Fashioned Baptist Church*, in which the court made rulings on parcels of property not in dispute, here both parties clearly asked the District Court to award attorney fees as provided by the rental agreement. Therefore the court did not err in reviewing the attorney fee language in the rental agreement. The court determined the rental agreement did not clearly and unequivocally require the court to award attorney fees when no eviction had occurred. We conclude this was not error.

¶23 Moreover, the court did not abuse its discretion under § 70-24-442(1), MCA, which states:

> In an action on a rental agreement or arising under this chapter, reasonable attorney fees, together with costs and necessary disbursements, may be awarded to the prevailing party notwithstanding an agreement to the contrary.

¶24 This is a discretionary statute. *Stanley v. Lemire*, 2006 MT 304, ¶ 73, 334 Mont. 489, 148 P.3d 643 ("By virtue of the word 'may,' an award of attorney fees pursuant to this statute is discretionary."). It does not mandate an award of attorney fees to a prevailing party in a rental dispute. As noted by the District Court, both parties walked away from this dispute with a legitimate claim to success. Each party was a "prevailing

7

party" as to individual claims before the court. The District Court carefully reviewed the billing records of the attorneys involved and evaluated the reasonableness of the fees under the seven factors set forth in *Plath v. Schonrock*, 2003 MT 21, 314 Mont. 101, 64 P.3d 984. The court acknowledged the attorneys provided their clients with significant, competent and valuable services, but concluded it could not justify awarding fees in excess of $20,000 for a judgment of approximately $2,300. We conclude the court undertook an appropriate analysis of the issue and did not abuse its discretion in denying attorney fees to both parties.

¶25 *Did the District Court err in not awarding costs?*

¶26 B&P moved for costs totaling $1,148.19. The court concluded "[a] considerable portion of the claimed attorney fees and costs were incurred in obtaining the default judgment, serving writs and executing on that judgment and contesting Heins' Motion to [S]et Aside Default. [B&P] were not the prevailing party as to these issues and clearly should not recover attorney fees and costs incurred through July 6, 2010 when the default judgment was set aside."

¶27 B&P argue that while an award of attorney fees is discretionary, they are entitled to costs under § 25-10-101, MCA, which provides: "Costs are allowed, of course, to the plaintiff upon a judgment in the plaintiff's favor in the following cases: (1) in an action for the recovery of real property or damages to real property . . . ." The Heins counter that § 25-10-101, MCA, does not apply here because the statute refers to a "judgment in the plaintiff's favor," but does not refer to a "verdict."

8

¶28   As noted above, the jury rendered a verdict for B&P in the amount of $2,281.19. As a result, B&P were the prevailing parties. Because B&P had retained the Heins' $1,100 security deposit as well as $1,465.96 collected after default judgment was entered, the Heins were entitled to a net payment. The fact that B&P were required to repay the Heins for earlier-retained funds does not change the fact that the verdict and judgment in this case went to B&P.

¶29   Next, § 25-10-101, MCA, unlike § 70-24-442, MCA, referenced above, is not discretionary but is mandatory. *Rolinson v. Bozeman Deaconess Health Serv., Inc.*, 2005 MT 95, ¶¶ 36, 38, 326 Mont. 491, 111 P.3d 202. It does not provide that costs incurred pursuing a ruling on an issue upon which the prevailing party did not prevail should be excluded from the costs calculation. The prevailing plaintiff is simply entitled to its costs. For these reasons, the District Court's decision to require each party to bear its own costs was incorrect. We therefore reverse the court's denial of costs to B&P and remand with instructions to determine and award appropriate costs, pursuant to § 25-10-101, MCA.

¶30   *Did the District Court abuse its discretion in setting aside the default judgment?*

¶31   B&P assert on appeal that the Heins failed to satisfy the requirements of the four-prong test set out in *Blume v. Metropolitan Life Ins. Co.*, 242 Mont. 465, 791 P.2d 784 (1990). In *Blume*, we restated that before a district court may set aside a default judgment, "good cause" must be shown. We held that the person seeking to have the default judgment set aside could establish "good cause" by satisfying the following four-prong test: (1) the defaulting party proceeded with diligence; (2) the defaulting party's

9

neglect was excusable; (3) the judgment, if permitted to stand, will affect the defaulting party injuriously, and (4) the defaulting party has a defense to plaintiff's cause of action upon the merits. *Blume*, 242 Mont. at 467, 791 P.2d at 786. B&P claim the Heins failed to meet both the diligence and excusable neglect criteria. They argue, therefore, the District Court erred in setting aside the default judgment.

¶32 The Heins counter that Alback assured them no default would be entered without notice, but he did not honor his promise. Additionally, B&P changed attorneys without notifying the Heins—a violation of the strictly-enforced Rule 10 of the Montana Uniform District Court Rules. The Heins also assert that they made an entry of appearance before default judgment was entered. And lastly, they argue that the District Court set the amount of the default judgment award based upon an ex parte application prior to the date on which a noticed hearing was scheduled. They propose that each of these reasons alone is sufficient justification for the District Court to set aside the default judgment.

¶33 The District Court carefully reviewed the facts of this case and analyzed them under the *Blume* factors. The court expressly noted in its order setting aside the default judgment the "lack of actual notice" to the Heins of several legal documents filed by B&P, including but not limited to Alback's withdrawal and Green's substitution and appearance. The court recognized that the Heins had "apparently resided at the same location during the entire duration of this matter, and presumably could have been served with any documents or notices at that residence."

¶34 The District Court also acknowledged receipt of Tera's November 2 motion to continue the November 6 hearing based upon Jesse's hospitalization and unavailability.

The court concluded that as a result of "the lack of actual notice given to [the Heins], [Jesse's] health issues and Alback's representations to [them], [the Heins'] delay may not have been as egregious as [B&P] argue." It further concluded that, based upon these facts, "in relation to the first and second prongs of the *Blume* test, it appears [the Heins] proceeded with reasonable diligence once served with actual notice of the default."

¶35 The court further concluded that the record supported the Heins' claim that they had a meritorious defense to B&P's action again them; therefore, the third prong of *Blume* was met. Lastly, satisfying the fourth prong of the *Blume* test, the court noted record-based evidence that the Heins had "limited financial resources" especially given Jesse's health problems, and a judgment of approximately $10,000 would affect them "injuriously."

¶36 The principle that "every litigated case should be tried on the merits and thus judgments by default are not favored" guides this Court in considering motions to set aside default judgments. *Bryden v. Lakeside Ventures, LLC*, 2009 MT 320, ¶ 18, 352 Mont. 452, 218 P.3d 61 (*citing Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451.). Additionally, it is well-established that the party seeking to set aside a default judgment has the burden of proof and must establish "good cause" to set aside the judgment. *Bryden*, ¶ 18.

¶37 In the case before us, the District Court carefully analyzed the facts under the *Blume* factors and concluded the Heins had established good cause to set aside the default judgment. For the reasons recited by the District Court, we agree. Alback's disingenuous assurance that he would not seek default followed by filing a request for

11

default without notifying the Heins was unacceptable. Failure of B&P to serve the Heins with various legal filings when the Heins resided at the same address as they had during negotiations with Alback is equally unacceptable. Additionally, the court rightfully acknowledged its ignorance of Tera's pre-default motion to continue. These factors combined put the Heins at a distinct disadvantage in this proceeding, and provided good cause for the court's action in setting aside the default judgment. The District Court did not manifestly abuse its discretion in doing so.

## CONCLUSION

¶38 For the foregoing reasons, we affirm the District Court's rulings on denial of attorney fees and its decision to set aside the default judgment. We reverse its decision denying costs to B&P and remand with instruction to determine and award appropriate costs under § 25-10-101, MCA.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS

12