DA 12-0317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 299

DR. PAUL WILLIAMSON, REV. DR. VERN KLINGMAN,
PATRICIA KLINGMAN and RUSSELL L. DOTY;
JAMES T. and ELIZABETH GRUBA; LEO G. and
JEANNE R. BARSANTI,

        Petitioners and Appellants,

    v.

MONTANA PUBLIC SERVICE COMMISSION
and NORTHWESTERN ENERGY,

        Respondents and Appellees.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV 10-1450
                Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Russell L. Doty, Attorney at Law; Billings, Montana

        For Appellees:

        Ross P. Richardson, Henningsen, Vucurovich & Richardson, P.C.;
        Butte, Montana (for Northwestern Energy)

        Brenda K. Elias, Special Assistant Attorney General; Helena,
        Montana (for Public Service Commission)

                Submitted on Briefs:  October 24, 2012

                           Decided:  December 20, 2012

Filed:

    _____
                       Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Petitioners appeal an order of the Thirteenth Judicial District Court, Yellowstone County, denying their motions for assessment of costs against Respondent Northwestern Energy and for an immediate temporary rate reduction, and remanding this matter to the Public Service Commission (PSC). We affirm.

¶2 The issues on appeal are: (1) whether the District Court erred in denying Petitioners their costs for the initial proceedings in the District Court and first appeal to this Court; and (2) whether the District Court erred in denying Petitioners' request for a temporary rate decrease pursuant to § 69-3-304, MCA, pending the PSC's decision on remand.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Petitioners filed a complaint with the PSC, alleging that Northwestern Energy has been overcharging consumers for its street lighting services. The PSC dismissed the complaint on grounds that the originally-named Petitioners lacked standing and were procedurally barred from amending their complaint. Petitioners sought judicial review in the District Court, which dismissed their petition. Petitioners then appealed to this Court. In *Williamson v. Mont. Pub. Serv. Commn.*, 2012 MT 32, 364 Mont. 128, 272 P.3d 71 (*Williamson I*), we affirmed the PSC's dismissal of the complaint as to the original four Petitioners, but remanded with instructions that the District Court remand the case to the PSC for a redetermination of whether to allow the filing of an amended complaint. Specifically, we stated:

2

> This action is remanded to the District Court with instructions to remand to the PSC so that the PSC may exercise its discretion, in the first instance, as to whether to allow the amended complaint.

*Williamson I*, ¶ 55.

¶4 On remand to the District Court, Petitioners promptly filed a motion seeking $1,137.44 in costs incurred "while responding to the standing and amendment objections before the [PSC], Yellowstone County District Court, and Montana Supreme Court." They also renewed a motion asking the District Court to initiate an "immediate rate reduction" pending the PSC's final decision. The PSC and Northwestern Energy filed a joint response opposing those motions on various grounds, and Petitioners filed a reply. The District Court then issued an Order and Memorandum denying both of the Petitioners' requests, on their merits, and remanding to the PSC. It is that order the Petitioners now appeal.

¶5 Although they have filed neither a cross-appeal nor a motion to dismiss this appeal, Respondents raise the preliminary question whether the District Court's order denying costs and a temporary rate decrease and remanding this case to the PSC constitutes a final, appealable order. It does.

¶6 The PSC is not a court, but an executive branch agency. *See* §§ 2-15-101 and -2602, MCA. For that reason, a court's remand of a matter to the PSC terminates the judicial proceeding. In *Whitehall Wind, LLC v. Mont. Pub. Serv. Commn.*, 2010 MT 2, ¶ 18, 355 Mont. 15, 223 P.3d 907, we held that a district court order remanding a case to the PSC for further proceedings constituted a final order from which the PSC had the

right of appeal. In a similar manner, the order from which this appeal is taken is a final, appealable order.

## STANDARDS OF REVIEW

¶7 A district court's application of §§ 25-10-101 and -102, MCA, or another standard, in determining whether a party is entitled to costs constitutes a question of law. *Rolison v. Bozeman Deaconess Health Serv., Inc.*, 2005 MT 95, ¶¶ 35-38, 326 Mont. 491, 111 P.3d 202. We review interpretations and applications of the law for correctness. *Neal v. State*, 2003 MT 53, ¶ 4, 314 Mont. 357, 66 P.3d 280. However, we review a district court's denial of discretionary costs for an abuse of discretion. *Benintendi v. Hein*, 2011 MT 298, ¶ 16, 363 Mont. 32, 265 P.3d 1239.

¶8 The District Court denied the motion for a rate reduction on grounds that the request was premature and that it lacked jurisdiction to hear the matter. A district court's determination that it lacks jurisdiction over a matter is a conclusion of law that we review to determine whether the district court's interpretation of the law is correct. *Hilands Golf Club v. Ashmore*, 277 Mont. 324, 328, 922 P.2d 469, 472 (1996).

## DISCUSSION

¶9 *Issue 1. Whether the District Court erred in denying Petitioners their costs for the initial proceedings in District Court and first appeal to this Court.*

¶10 Petitioners seek an award of costs from Northwestern Energy in the amount of $1,137.44. The District Court denied the request for costs on multiple grounds. The court noted that § 25-10-101, MCA, requires that a judgment in the plaintiff's favor is

4

necessary before costs are allowed to the plaintiff. The court concluded that Respondents received a ruling in their favor regarding the lack of standing of the original Petitioners to file their complaint before the PSC, and Petitioners received a ruling in their favor on a relatively narrow issue, to the extent this Court ruled the PSC cannot disallow filing of an amended complaint for the reasons upon which it previously relied. The court stated Petitioners could seek an award of costs under § 25-10-101, MCA, or § 25-10-103, MCA, but not both. In addition, the court observed that § 25-10-503, MCA, suggests an award of costs on appeal is made by the appellate court.

¶11 Section 25-10-101, MCA, provides that costs are allowed to the plaintiff "upon a judgment in the plaintiff's favor" in various types of cases including (4) in a special proceeding, and (6) in an action that involves the legality of any tax, impost, assessment, toll, or municipal fine. Even if this case is one of these types, the District Court correctly observed that Petitioners must have a judgment in their favor before costs will be allowed.

¶12 A judgment is "[a] court's final determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* 918 (Bryan A. Garner ed., 9th ed., West 2009). While they have secured a remand to the PSC, Petitioners have not obtained a judgment in their favor, because no court has determined the rights and obligations of the parties. We conclude that the District Court correctly interpreted § 25-10-101, MCA, in denying costs. Further, the court did not abuse its discretion in declining to award costs under § 25-10-103, MCA.

5

¶13     Petitioners also argue that § 25-10-503, MCA, entitles them to costs on appeal. That statute begins, "[w]henever costs are awarded to a party by an appellate court . . . ." But no appellate court has awarded Petitioners costs. We conclude § 25-10-503, MCA, is not relevant to this appeal.

¶14     To the extent that Petitioners may be the prevailing party, their prevailing occurred on appeal to this Court. We conclude the controlling authority is M. R. App. P. 19(3)(a), which neither party has cited:

> **Costs on appeal.** Costs on appeal will be awarded to the prevailing party unless otherwise specifically provided by the supreme court in its decision. Taxable costs include costs of reproducing briefs and necessary appendices, costs incurred in transmission of the record, cost of the reporter's transcript if necessary for the determination of the appeal, and the fee for filing the notice of appeal. In the event that a dispute arises over which party has prevailed, that dispute, as well as the matter of costs, shall be resolved by the district court.

This rule makes clear that the District Court is entitled to make the decision as to which party prevailed on appeal to this Court.

¶15     The District Court observed that Petitioners did not prevail on the issue whether the four original Petitioners had standing. As to whether an amended complaint should be allowed, thus far Petitioners have prevailed only to the extent that they have obtained a remand so that the PSC can determine the issue on its merits. In our decision directing the District Court to remand this case to the PSC, we did not reach the merits of the question whether Petitioners should be allowed to amend their complaint; we only directed the PSC to revisit that question. *See Williamson I*, ¶ 55.

6

¶16    Upon review, we conclude the District Court possessed discretion under M. R. App. P. 19(3)(a) to determine whether the Petitioners were the prevailing party on appeal. Our review convinces us that the District Court did not abuse that discretion in effectively determining that they were not.

¶17    *Issue 2. Whether the District Court erred in denying Petitioners' request for a temporary rate decrease pursuant to § 69-3-304, MCA, pending the PSC's decision on remand.*

¶18    Section 69-3-304, MCA, allows the PSC, in its discretion, to "temporarily approve increases or decreases [in a utility rate] pending a hearing or final decision." In this case, Petitioners' original and amended complaints filed with the PSC requested a temporary rate reduction. The PSC did not rule on those requests but instead, as indicated above, dismissed the original complaint and determined that Petitioners were procedurally barred from filing their amended complaint. *Williamson I*, ¶ 1.

¶19    The basis for the District Court's denial of Petitioners' request for a temporary rate reduction on remand was that the request was premature. The District Court stated that if the PSC, in its discretion, allows the Petitioners' amended complaint, then the Petitioners can take up their request for an immediate rate reduction with the PSC.

¶20    Petitioners argue the District Court improperly denied the request for a temporary rate reduction because § 69-3-304, MCA, expressly allows judicial review of a PSC ruling on temporary rate increases or reductions. But the PSC has not yet considered the

7

merits of Petitioners' claims. Because the PSC dismissed the complaint, there is no PSC evaluation of factual assertions for the District Court to judicially review.

¶21 We conclude the District Court properly denied Petitioners' request for a temporary rate reduction pursuant to § 69-3-304, MCA, pending the PSC's decision on remand.

¶22 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE