JUSTICE BAKER,
concurring in part and dissenting in part.
¶28 The District Court erred in awarding the Landowners’ attorney’s fees for the prior appeal, and this Court errs in affirming that award. The parties already briefed, and we already considered and decided, the identical issue in the Landowners’ petition for rehearing in Wohl I.
¶29 Landowners’ petition for rehearing was limited to a single issue. They argued that the Court had overlooked their request for attorney’s fees and costs for the appeal and asked the Court to award both. The Ciiy opposed the petition and we denied it, stating;
[I]f the Court intends for attorney’s fees to be awarded on appeal, it must say so. We did not expressly award [Landowners] their attorney’s fees on appeal. We decline to do so now.
We pointed out that, in contrast to a fee award, costs automatically were allowed on appeal, subject to the District Court’s determination of prevailing party status, and that the District Court was to determine the amount of costs recoverable for the appeal on remand. M. R. App. P. 19(3).
¶30 A prior decision or order of a court resolving an issue is binding between the same parties in later litigation. In re Estate of Snyder, 2009 MT 291, ¶ 6, 352 Mont. 364, 217 P.3d 1027; LeMond v. *156 Yellowstone Dev., LLC, 2014 MT 181A, ¶ 41, 375 Mont. 402, 336 P.3d 345 (noting that courts generally “refuse to reopen what has been decided”). “ The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal.’ ” Grenfell v. Anderson, 2002 MT 225, ¶ 19, 311 Mont. 385, 56 P.3d 326 (quoting Belgrade State Bank v. Swainson, 176 Mont. 444, 446, 578 P.2d 1166, 1167 (1978)).
¶31 Landowners’ten-page petitionforrehearingspecifically requested clarification of a “narrowly defined issue” regarding thi3 Court’s failure to award attorney’s fees and costs incurred during the prior appeal. Just as in their brief in this appeal, they argued that they were the prevailing parties on appeal and were entitled to fees as a necessary expense of litigation under Article n, Section 29 of the Montana Constitution. We denied their petition unequivocally. Our denial offees in the prior appeal “actually decided” the issue of appellate attorney’s fees and is the law of the case. O’Brien v. Great N. R.R. Co., 148 Mont. 429, 440, 421 P.2d 710, 716 (1966).
¶32 I therefore would not address Landowners’ argument that attorney’s fees were required by the ‘just compensation” clause in Article II, Section 29. Galt v. State, 230 Mont. 327, 334, 749 P.2d 1089, 1094 (1988). Although Landowners did not include this constitutional argument in their principal briefs during the prior appeal, if was the exclusive focus of their rehearing petition. We noted in our rehearing order that “[Landowners’] briefs on appeal did not identify this as a separate issue or present argument and legal authority on the point, but included in their concluding paragraph a request that the Court ‘[require] the City to pay all of Plaintiffs’ reasonable attorney fees and costs incurred on appeal.’ ” They did not present this argument until their petition for rehearing, and we declined to adopt it at that time. Our rejection of their arguments on rehearing forecloses their consideration now.
¶33 Further, it is not as if we simply overlooked those arguments. Our opinion in Wohl I affirmed the District Court as to the City’s liability, but we rejected Landowners’ cross-appeal on their alleged civil rights violations under 42 U.S.C. §§ 1983 and 1988, and ruled in the City’s favor on the calculation of the underlying damage award, as well as a portion of the fee award. These were not insignificant issues on appeal, yet Landowners had presented no argument or authority as to whether fees nonetheless should be awarded or how, if at all, they should be *157 apportioned. See M. R. App. P. 12(1)(f); State v. Garrymore, 2006 MT 245, ¶ 38, 334 Mont. 1, 145 P.3d 946 (declining to address argument that was “too undeveloped to undertake a distinctive application of state constitutional principles”); State v. Rosling, 2008 MT 62, ¶ 66, 342 Mont. 1, 180 P.3d 1102 (same); State v. Baker, 2008 MT 396, ¶ 18, 347 Mont. 159, 197 P.3d 1001 (rejecting appellant’s claim where she “advanced no case law and presented no legal analysis in support of her constitutional arguments”). We considered Landowners’ cursory demand for attorney's fees and declined to award them for the appeal. See State v. Slack, 2001 MT 137, ¶ 35, 305 Mont. 488, 29 P.3d 503.
¶34 The Court points out that we deferred to the District Court the determination of which party prevailed on appeal. Opinion, ¶ 19. But that determination was for the purpose of awarding costs, as expressly provided in M. R. App. P. 19(3). “This rule makes clear that the District Court is entitled to make the decision as to which party prevailed on appeal to this Court.” Williamson v. Mont. PSC, 2012 MT 299, ¶ 14, 367 Mont. 379, 291 P.3d 1116. Rule 19(3) addresses only the award of costs, and makes an award of appellate costs purely a matter within the discretion of the District Court, unless this Court “otherwise specifically provide[s].”
¶35 On the contrary, Rule 19 does not address an award of attorney’s fees. Our rehearing order correctly observed that the Rule does not permit an award of appellate fees unless we “say so.” Appellate fees, if they were to be allowed, had to be authorized by this Court and were not.
¶36 Our order on the petition for rehearing resolved the issue alter briefing by the parties by declining to award fees. That ruling became the law of the case; as such, it was binding on the District Court “whether that decision is right or wrong...” Grenfell, ¶ 19. Even if the Court now believes it made a mistake, its rationale today, which was not articulated at the time the petition for rehearing was denied, is too late.
¶37 I agree that the award of appellate costs should be affirmed, but I dissent from the decision affirming attorney’s fees for the prior appeal.