FILED

03/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0313

DA 20-0313

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 54N

LEO G. and JEANNE R. BARSANTI,

        Petitioners and Appellants,

    v.

MONTANA PUBLIC SERVICE COMMISSION,
and NORTHWESTERN ENERGY,

        Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2020-103
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Russell L. Doty, Attorney at Law, Greeley, Colorado

        For Appellees:

        Sarah N. Norcott, Attorney at Law, Helena, Montana
        (for NorthWestern Energy)

        Justin Kraske, Ashley D. Morigeau, Zachary T. Rogala, Montana Public
        Service Commission, Helena, Montana

Submitted on Briefs:  January 27, 2021

Decided:  March 2, 2021

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Leo and Jeanne Barsanti (Barsantis)[1] appeal the March 2020 judgment of the Montana First Judicial District Court, Lewis and Clark County, dismissing their petition for judicial review of the December 2019 final order of the Montana Public Service Commission (PSC) regarding the 2018 petition of NorthWestern Energy (NWE) for PSC approval of a proposed electrical utility service rate increase. We affirm.

¶3 NWE is a public electrical power utility, as defined by § 69-3-101, MCA, regulated by the PSC pursuant to Title 69, chapter 3, MCA. In 2018, NWE petitioned the PSC for approval of a proposed retail electrical service rate increase to offset an asserted revenue deficiency calculated on calendar-year 2017 data (*In re NorthWestern Rate Case*, PSC Dkt. 2018.02.012). Pursuant to §§ 69-3-102 and -301 through -331, MCA, and pertinent PSC rules, the PSC initiated a formal electric rate review proceeding on a specified procedural schedule set upon public notice. In October 2018, the PSC granted various general and special intervention authorization to various intervenors who timely applied.[2]

---

[1] Case recaptioned as indicated in notes 3-4, *infra*.

[2] The intervenors included the Large Customer Group, Montana Consumer Counsel, Northwest Energy Coalition, Federal Executive Agencies, Walmart corporation, Northern Cheyenne Tribe, Human Resource Council District XI, Natural Resources Defense Council, Montana Environmental Information Center, Vote Solar, Sierra Club, Montana Renewable Energy Association, and Montana Department of Environmental Quality, et al.

¶4 In January 2019, the Barsantis, through counsel, Russell L. Doty (Doty), filed a late application for general and special intervention in the 2018 NWE rate case.[3] However, due to the untimeliness of the request, the PSC granted Barsantis only a general intervention right, specifically limited to addressing "only street lighting issues, and related cost allocation and rate design." Through counsel, Barsantis filed a motion for reconsideration pursuant to Admin. R. M. 38.2.4806(1) (2016) seeking: (1) PSC acknowledgement of timely receipt of their previously filed "data requests"; (2) a ten-day deadline extension to allow them "to file additional data requests"; and (3) authorization for their counsel (Doty) "to serve as [their] advocate and witness." At a noticed meeting on February 14, 2019, the PSC issued a written order acknowledging timely receipt of the Barsantis' previously filed

---

[3] The Barsantis' late intervention application came in the wake of the PSC's earlier January 2019 rejection of similar and related claims previously asserted by Barsantis and James and Elizabeth Gruba (Grubas) regarding NWE residential subdivision streetlight assessments in the City of Billings. See *In re Gruba Complaint*, PSC Dkt. 2010.2.14 (2010 Doty-Gruba Matter). Upon the PSC's denial of their motion for reconsideration, Grubas/Barsantis petitioned for judicial review of the January 2019 ruling in that matter. See *Gruba, et al., v. PSC & NWE*, Mont. First Jud. Dist. Ct. Cause No. DDV-2019-391. The district court subsequently affirmed, the Grubas/Barsantis appealed, and that matter is now separately pending on appeal before this Court in Cause No. 20-0570.

The Grubas/Barsantis streetlight assessment claims now redundantly at issue here and in Cause No. 20-0570 stem from similar claims originally asserted by Russell L. Doty, et al., in 2010. See *Williamson v. Mont. Pub. Serv. Comm'n* (*Williamson I*), 2012 MT 32, 364 Mont. 128, 272 P.3d 71 (affirming PSC determination that Doty, et al., lacked standing, but reversing PSC denial of motion to amend to substitute-in the Grubas/Barsantis as claimants). On remand to district court, but before remand to the PSC, Doty, et al., moved for costs incurred on judicial review and appeal in *Williamson I* and further moved for a district court order imposing an "immediate rate reduction" pending further PSC consideration of the motion to amend. *Williamson v. Mont. Pub. Serv. Comm'n* (*Williamson II*), 2012 MT 299, ¶¶ 3-4, 367 Mont. 379, 291 P.3d 1116. Following district court denial of both motions, Doty, et al., appealed and we subsequently affirmed, clearing the way for remand to the PSC as originally directed in *Williamson I*, and ultimately resulting in Cause No. 20-0570 as currently pending in parallel before this Court. *Williamson II*, ¶¶ 16 and 21-22.

3

data requests, but denied the balance of their motion for additional time to file more and for authorization for their counsel (Doty) to serve both as their counsel and witness.[4]

¶5    In March 2019, the PSC issued a written order partially granting and denying NWE motions to strike various "prefiled" intervenor testimonies as redundant, immaterial, or incompetent for admission.[5]  The PSC ruling accordingly excluded specified portions of the "Barsanti Testimony" as "attempts to re-litigate the ownership charge and related issues from [PSC Dkt. 2010.2.14]" and/or constituting or requiring expert testimony which Barsanti was not qualified to render.[6]  As pertinent here, the PSC ruling also excluded the pre-filed testimony of Barsantis' counsel ("Doty Testimony") submitted in contravention of PSC's January 2019 ruling denying authorization for Doty to serve as both "advocate and witness."  The PSC ruling excluded the specified portions of the "Doty Testimony" as irrelevant information pertaining to issues: (1) "outside the scope of the Barsantis'

---

[4] Through the manifest error of their common counsel (Doty), this cause, and the underlying district court cause, court documents were heretofore captioned as "James T. & Elizabeth A. Gruba and Leo G. & Jeanne R. Barsanti" v. PSC and NWE.  However, the Barsantis' Reply Brief on appeal in this case acknowledges a footnote exception in the Appellees' Joint Answer Brief pointing out that the Grubas neither applied for, nor obtained, leave to intervene in the 2018 PSC proceeding at issue here and are thus not proper parties to this appeal.  Regardless of their common counsel (Doty), "James T. & Elizabeth A. Gruba" are not proper parties to this action (Cause No. 20-0313 in re Mont. Eleventh Jud. Dist. Ct. Cause No. ADV-2020-103 and PSC Dkt. 2018.02.012) and we therefore order that this matter is hereby recaptioned on appeal as "Leo G. and Jeanne R. Barsanti v. Montana Public Service Commission and NorthWestern Energy."

[5] As the procedural framework for the motion to strike and the PSC rulings thereon, the PSC cited various rules of evidence, § 2-4-612(2), MCA (agencies generally "bound by common law and statutory rules of evidence"), M. R. Civ. P. 12(f), and *Williamson v. Mont. Pub. Serv. Comm'n*, 2012 MT 32, ¶ 33 n.5, 364 Mont. 128, 272 P.3d 71 (M. R. Civ. P. "do not govern PSC proceedings" but "may still serve as guidance" in contested case proceedings).

[6] See notes 3-4, *supra*.

intervention" in an "attempt[] to re-litigate the ownership charge issue from [PSC Dkt. 2010.2.14]"; (2) regarding matters previously determined in PSC Order 7604o (PSC Dkt. 2010.2.14) to be "not discoverable"; and (3) concerning an issue previously addressed in PSC Order 7604o and "not present in this . . . case."[7]

¶6     In May 2019, the PSC conducted a ten-day evidentiary hearing on the proposed NWE rate increase in which Barsantis participated through counsel. Following scheduled post-hearing briefing, the PSC issued a comprehensive written decision granting the requested rate increase, effective March 1, 2020. (PSC Order 7604u, Dkt. 2018.02.012) (hereinafter "2019 PSC Decision"). *Inter alia*, the 2019 PSC Decision specifically addressed the "several issues" raised by the Barsantis, to wit:

> 276. Evidence in this docket does not merit revisiting the issues raised by the Barsantis regarding whether the ownership charge is unreasonable or unjustly discriminatory, and whether NorthWestern is recovering more than its original cost of its street lighting infrastructure, as the Commission considered and decided those issues in a previous docket. *In re Gruba Complaint*, Dkt. D2010.2.14, Order 7084aa ¶¶ 33–60 (Feb. 15, 2019). In addition, and as previously stated, the Commission finds that the Amended Stipulation [between NWE, Montana Consumer Counsel, Montana Large Customer Group, Federal Executive Agencies, and Walmart corporation] is a reasonable resolution of issues presented in this case related to NorthWestern's revenue requirement, and reasonably assigns responsibility for the revenue requirement to the various customer classes, including the lighting classes.
>
> 277. The Commission declines to address the Barsantis' concerns regarding LED street lighting because NorthWestern's LED replacement pilot project began in 2019, while the current rate case being discussed uses

---

[7] The Commission order noted, *inter alia*, that it had previously "prohibited Mr. Doty from both testifying and serving as the Barsantis' attorney," but that it "anticipates that Mr. Doty will pursue a remedy to include this testimony into the evidentiary record. To that end the Commission rules on [NWE's] [m]otions in the event any testimony is successfully moved into the record."

a historic test period of 2018. Further, no party provided substantial evidence supporting a rate base adjustment for a known and measurable change pursuant to Mont. Admin. R. 38.5.106 for the LED replacement project. The Commission concludes that any discussion on LED lighting is outside the scope of this docket.

The Decision further expressly "waive[d] the 10- and 20-day deadlines for reconsideration" specified by Admin. R. M. 38.2.4806 (2016) and instead specified that:

> The *deadline for all reconsideration motions is **January 10, 2020***. The deadline for response briefs to all reconsideration motions is **January 24, 2020.** The deadline for all reply briefs is **January 31, 2020.**

(Emphasis added.) The Decision service list separately included Barsantis and their counsel (Doty). Barsantis did not file a motion for reconsideration.

¶7 Instead, on January 24, 2020, Barsantis petitioned for judicial review of the 2019 PSC Decision pursuant to § 2-4-702(1), MCA. In essence, the petition alleged that the PSC excluded portions of the pre-filed Barsanti Testimony and Doty Testimony on erroneous evidentiary grounds, and further erroneously precluded Barsantis' counsel (Doty) from serving both as Barsantis' counsel and witness. The petition accordingly sought invalidation of the 2019 PSC Decision with "declaratory judgment that" Montana Rule of Professional Conduct 3.7 (barring counsel from acting as advocate and witness in same proceeding) "does not apply to administrative hearings in Montana." PSC and NWE responded with a motion to dismiss pursuant to M. R. Civ. P. 12, asserting that the court lacked subject matter jurisdiction due to the Barsantis' failure to exhaust administrative remedies under Admin. R. M. 38.2.4806(1) (2016) (motion for reconsideration). In March 2020, the District Court granted the motion and dismissed the petition for judicial review on the ground that the petitioners failed to exhaust their available administrative remedy

under Admin. R. M. 38.2.4806 (2016).  The court concluded that the failure to exhaust administrative remedies "divest[ed] [it] of subject matter jurisdiction to hear the pending appeal."  Barsantis timely appeal.

¶8     For purposes of M. R. Civ. P. 12(b)(1) and (6), whether subject matter jurisdiction exists for adjudication of a claim, or whether an asserted claim states a claim upon which relief may be granted, are conclusions of law reviewed de novo for correctness.  *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 12, 398 Mont. 91, 454 P.3d 655 (internal citations omitted).  *Accord Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241; *In re Estate of Big Spring*, 2011 MT 109, ¶ 20, 360 Mont. 370, 255 P.3d 121.  "Subject matter jurisdiction is the threshold power of a court to consider and adjudicate particular types of cases and controversies."  *Larson*, ¶ 17 (internal citations omitted).  "The subject matter jurisdiction of Montana district courts derives exclusively from Article VII, Section 4, of the Montana Constitution (district court subject matter jurisdiction over 'all civil matters and cases' arising at law or in equity) and conforming statutes."  *Larson*, ¶ 17 (internal citations omitted).

¶9     In contrast, "[j]usticiability is a related, multi-faceted question of whether the exercise of preexisting subject matter jurisdiction is appropriate under the circumstances in a given case based on the constitutional 'case' and separation of powers provisions of Article III, Section 1, and Article VII, Section 4, of the Montana Constitution and related prudential policy limit[ations]."  *Larson*, ¶ 18 (internal citations omitted).  Among other distinct legal considerations, justiciability includes consideration of whether a particular claim is procedurally ripe for adjudication under the circumstances.  *Larson*, ¶ 18 (citations

7

omitted). The existence of subject matter jurisdiction does not depend upon the justiciability of a claim, but "justiciability is a mandatory prerequisite to the initial and continued exercise of [subject matter] jurisdiction." *Larson*, ¶ 18 (internal citations omitted). The threshold justiciability of a claim under the circumstances is thus a distinct question of law apart from whether subject matter jurisdiction exists over the claim. *See Larson*, ¶¶ 16 and 18. As a matter of law, a court may not grant relief under an otherwise sufficiently stated claim if the claim is nonetheless not justiciable under the circumstances. *See Larson*, ¶ 18 (distinguishing justiciability from subject matter jurisdiction).

¶10     As a procedural condition precedent to judicial review of a "final [agency] decision" in a "contested case" proceeding, the aggrieved party generally must first "exhaust[] *all* administrative remedies available within the agency." Section 2-4-702(1)(a), MCA (emphasis added). *Accord Flowers v. Bd. of Pers. Appeals*, 2020 MT 150, ¶ 8, 400 Mont. 238, 465 P.3d 210 (a case is not "ripe for judicial review" until "each individual issue [has] been properly raised, argued, or adjudicated pursuant to the [available] administrative process"); *Art v. Mont. Dep't of Labor & Indus. ex rel. Mason*, 2002 MT 327, ¶ 14, 313 Mont. 197, 60 P.3d 958 (§ 2-4-702, MCA, "requires exhaustion of administrative remedies in adjudicating particular issues as well as entire cases").[8] Here, an administrative remedy was available to the Barsantis under PSC rules prior to seeking judicial review of the 2019 PSC Decision, to wit:

---

[8] The purpose of the exhaustion requirement is to afford the involved agency an opportunity to "correct its own errors within its specific [area of] expertise before a court interferes." *Bitterroot River Prot. Ass'n v. Bitterroot Conservation Dist.*, 2002 MT 66, ¶ 22, 309 Mont. 207, 45 P.3d 24.

Within ten days after an order or decision has been made by the commission, any party may apply for a reconsideration in respect to any matter determined therein. . . . If, after such motion for reconsideration is filed, the commission is of the opinion that the original order or decision is in any respect unjust or unwarranted, or should be changed, the commission may abrogate, change, or modify the same.

Admin. R. M. 38.2.4806(1) and (3) (2016). PSC rules expressly provide that "the filing of a motion for reconsideration [is] optional for the purpose of finalizing a commission order for appeal" only if the aggrieved party "applies to a court for an injunction staying or suspending" the subject order "within the applicable statutory deadlines." Admin. R. M. 38.2.4806(8) (2016). Here, Barsantis neither filed a motion for reconsideration, nor applied for a staying injunction incident to their petition for judicial review. They thus failed to exhaust all available administrative remedies prior to seeking judicial review.

¶11 We have recognized two narrow jurisprudential exceptions to the exhaustion of administrative remedies requirement of § 2-4-702(1)(a), MCA. First, exhaustion of an administrative remedy is unnecessary if the remedy would be futile as a matter of law. *Mountain Water Co. v. Mont. Dep't of Pub. Serv. Regulation*, 2005 MT 84, ¶¶ 15-16, 326 Mont. 416, 110 P.3d 20 (citing *DeVoe v. Dep't of Revenue of State of Mont.*, 263 Mont. 100, 866 P.2d 228 (1993) (exhaustion of administrative remedy unnecessary where governing administrative rules and statutes would have precluded agency relief in any event)). However, the mere possibility or likelihood that an administrative remedy may not succeed on the merits is insufficient to render it futile as a matter of law. *See Mountain Water*, ¶¶ 16-18. Second, exhaustion of administrative remedies is also unnecessary if the asserted administrative error depends on a pure question of law. *Shoemaker v. Denke*, 2004

MT 11, ¶¶ 20-26, 319 Mont. 238, 84 P.3d 4 (holding that pure legal question exception not applicable where aggrieved party challenged both findings of fact and questions of law).

¶12     Here, as in *Mountain Water*, Barsantis neither dispute, nor have shown, that the PSC lacked the authority to reverse itself and consider the excluded evidence if convinced to do so on a motion for reconsideration pursuant to Admin. R. M. 38.2.4806 (2016). Moreover, in contested case proceedings, agencies have broad discretion to determine the relevance and admissibility of evidence based on the matters properly at issue, the nature of the evidence, and applicable evidentiary rules. *See* §§ 2-4-612(2) and -704(2), MCA (agencies generally "bound by common law and statutory rules of evidence" subject to abuse of discretion standard of review—reviewing court may not substitute its judgment for agency regarding the weight of evidence); *Gilkey v. Schweitzer*, 1999 MT 188, ¶ 15, 295 Mont. 345, 983 P.2d 869 (agency evidentiary determinations subject to abuse of discretion standard of review). Here, Barsantis' assertions of evidentiary error not only challenged the sufficiency of the pertinent findings of fact made by the PSC, but further turned on discretionary determinations of evidentiary relevance and competence within the discretion of the agency to reconsider and reverse pursuant to Admin. R. M. 38.2.4806 (2016). While the issue of whether an agency or lower court abused its discretion in determining the admissibility of evidence is ultimately a question of law on review, Barsantis' particular assertions of administrative error did not involve pure questions of law. The District Court thus correctly concluded that they failed to show that either of the narrow jurisprudential exceptions to the exhaustion of administrative remedies requirement were applicable here.

¶13 We hold that the District Court correctly concluded that Barsantis failed to exhaust all available administrative remedies as required by § 2-4-702(1)(a), MCA. While it erroneously concluded that it lacked subject matter jurisdiction, the District Court nonetheless correctly dismissed the Barsantis' petition for judicial review because it was procedurally non-justiciable, *i.e.* unripe, due to failure to exhaust administrative remedies. The petition was thus subject to summary dismissal pursuant to M. R. Civ. P. 12(b)(6).

¶14 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

11