DA 14-0043

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 286

IN THE MATTER OF THE OSORIO
IRREVOCABLE TRUST,

KARLENE A. KHOR,

        Petitioner and Appellant,

    v.

LINDA ST. PETER,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DP 13-195
                  Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                John Michael Myers; Myers Law, PLLC; Whitefish, Montana

        For Appellee:

                Richard A. Reep; Reep, Bell, Laird & Simpson, PC; Missoula, Montana

                              Submitted on Briefs:  October 8, 2014
                                    Decided:  October 28, 2014

Filed:

                                  _____
                                           Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Karlene A. Khor appeals the Fourth Judicial District Court's order dissolving a temporary injunction. The injunction had been ordered to prevent Linda St. Peter, acting in her capacity as the trustee of the Osorio Irrevocable Trust, from selling a property held by the Trust. The sole issue raised on appeal is whether the District Court manifestly abused its discretion when it dissolved the temporary injunction. We do not address the merits of that issue, however, because the property in question has been sold and we conclude that the issue is moot.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Linda and Karlene are two of the children of Herbert and Betty Lou Osorio. Betty, now deceased, and Herbert allegedly created the Osorio Irrevocable Trust in May 2012. At that time, they conveyed a piece of real property and a home (Kalispell Property) to the Trust and designated Linda as the trustee. Karlene filed an action challenging the existence of the Trust based on an allegedly forged signature on the Trust Agreement and allegations of duress and undue influence.

¶3 Karlene received notice that Linda, acting on behalf of the Trust, planned to sell the Kalispell Property. Karlene became concerned that the sale would negatively impact Herbert's ability to obtain veteran's benefits because the sale could create income that might count against his eligibility. She filed a motion requesting a temporary injunction against the sale of the Kalispell Property. The District Court entered the temporary injunction on November 15, 2013.

2

¶4    On November 20, 2013, Linda filed a motion for relief from the temporary injunction. The court held a hearing on December 11, 2013. At that time, Linda testified that, under the current circumstances, Herbert was not eligible for a veteran's pension or medical benefits. Her inquiry indicated that he could be eligible for benefits in 2014, but only if the income from the sale of the house was not reported in that year. She had entered into a purchase and sale agreement with the closing date in 2013, but the sale had been postponed by the temporary injunction. Karlene testified that she also had researched Herbert's eligibility for benefits. Although she acknowledged that Herbert had not yet applied for benefits, she estimated that Herbert could receive approximately $1,700 monthly if he were eligible. Neither party had been able to secure a witness from the Veteran's Administration to testify at the hearing about Herbert's eligibility.

¶5    At the conclusion of the hearing, the District Court determined that it was in Herbert's best interest to sell the property. The court dissolved the temporary injunction and its written order followed on January 2, 2014. The court found that Linda was a credible witness, and it expressed concern that delaying the sale of the Kalispell property could negatively impact Herbert's ability to qualify for benefits. Karlene did not seek a stay of execution. The Kalispell Property was sold to a third party on December 20, 2013, and the proceeds were deposited into a trust account according to the District Court's instructions.

¶6    Karlene appeals the decision to dissolve the injunction.

**DISCUSSION**

¶7 "The judicial power of the courts of Montana is limited to justiciable controversies." *Greater Missoula Area Fedn. of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881. Mootness is "one of several central concepts of justiciability." *Sudan Drilling, Inc. v. Anacker*, 2014 MT 72, ¶ 8, 374 Mont. 272, 320 P.3d 977. Mootness is "a threshold issue which must be resolved before addressing the substantive merits of a dispute." *Mt. W. Bank, N.A. v. Cherrad, LLC*, 2013 MT 99, ¶ 30, 369 Mont. 492, 301 P.3d 796 (citing *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867).

¶8 An issue becomes moot when the circumstances present at the outset of the action have ceased to exist, or if the court is unable to grant effective relief or to restore the parties to their original positions due to an intervening event or change in circumstances. *Sudan Drilling*, ¶ 8 (citing *Child Start*, ¶ 23). "[C]ourts lack jurisdiction to decide moot issues insofar as an actual 'case or controversy' no longer exists." *Child Start*, ¶ 23. "In deciding whether a matter is moot, we determine whether the court can grant effective appellate relief." *Mt. W. Bank*, ¶ 30.

¶9 The case comes to this Court for the sole purpose of reviewing the District Court's order dissolving the temporary injunction. M. R. App. P. 6(3)(e). Linda argues that the issue is moot. Karlene did not obtain a stay of execution of the court's order and the Kalispell property has been sold to a third party. We have warned that effective relief may be impossible to achieve where an underlying property is sold to a third party during

4

the pendency of an appeal. *Sudan Drilling*, ¶ 10. Even if this Court were to reverse the District Court's order dissolving the temporary injunction, the injunction preventing the sale to a third party would no longer serve any purpose because the event that the injunction was designed to prevent already has occurred. Because Karlene seeks to prevent a sale that already has happened, the circumstances present at the outset of the action have ceased to exist.

¶10 Karlene argues that her appeal is not moot because Linda should be liable for, among other things, "restitution of any military benefits lost to Herbert as a result of the sale . . . ." Even if a party cannot be restored to its original pre-judgment position, "other possibilities such as restitution may be appropriate." *Sudan Drilling*, ¶ 11. But reinstating the temporary injunction in this appeal is not the remedy for redressing the improprieties Karlene alleges. Other potential remedies exist if Karlene is correct in asserting that the sale of the Kalispell Property deprives Herbert of eligibility for benefits. Sections 72-38-1001 and 1002, MCA, provide remedies and damages for a breach of trust by a trustee. A court may compel the trustee to "redress a breach of trust by paying money, restoring property, or other means." Section 72-38-1001(2)(c), MCA.

¶11 "Whether a case has become moot will depend on the *relief sought* [emphasis added] and the specific factual and procedural circumstances of the particular case." *Sudan Drilling*, ¶ 11 (citing *Stuivenga*, ¶ 43). Karlene has failed to establish how the relief sought in this appeal—reinstatement of the temporary injunction—entitles her to restitution. This appeal involves only the District Court's decision to allow the sale of the

5

property to go forward, and we need not consider Karlene's other potential claims at this time. The property has been sold and we conclude that the issue is moot.

¶12 Linda requests attorney's fees on appeal pursuant to § 72-38-1004, MCA. That section provides: "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Section 72-38-1004, MCA. Karlene argues that she has legitimate grounds for appeal and that her appeal is not frivolous, unreasonable, or without foundation. The statute, however, imposes no such standard. We conclude that an award is appropriate under the facts of this case where, as we have determined, the sale of the property following the lifting of the injunction clearly has rendered moot the relief sought on appeal. Further, the record shows that the award will serve to protect trust assets from being depleted by the litigation. The affidavit Linda submitted to the District Court states that the trust is without an adequate corpus; she estimates that "the Trust will run out of funds to support Herbert within 2 to 3 months without liquidation of the home." Under these circumstances, the equities tip in favor of an award. Accordingly, we award costs and expenses incurred in this appeal, including reasonable attorney's fees, to Linda St. Peter in her capacity as the trustee of the Osorio Irrevocable Trust.

**CONCLUSION**

¶13    The District Court's January 2, 2014 order is affirmed.  The case is remanded for

determination of fees and costs on appeal and for further proceedings.


                                        /S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE