

FILED

03/19/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0638

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 23-0638

_____

GEOFFERY D. WALTON AND SARAH L.
WALTON, WHISTLE CREEK PARTNERS LLC,
AND LYNN T. LABRIE AND ANN A. LABRIE,

Petitioners, Counter-Defendants, and Appellees,

v.

JAMES A. MIRRO AND LORETTA MIRRO,

Respondents, Counterclaimants, and Appellants.

_____

ORDER

FILED

MAR 19 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellees Geoffrey Walton, Sarah Walton, Lynn Labrie, Ann Labrie, and Whistle Creek Partners LLC (collectively "Ditch Users"), move to dismiss this appeal on the ground that it has become moot. Appellants James Mirro and Lorretta Mirro (Mirros) oppose the motion.

Mirros appeal an October 23, 2023 preliminary injunction order entered by the Sixth Judicial District Court, Sweet Grass County, restraining the Mirros from interfering with Ditch Users' easement rights to access Ellison Ditch and headgate via an existing access road and driveway through the Mirros' property. The same order denied the Mirros' request to restrain Ditch Users from commencing with replacement of the headgate until the merits of the controversy were resolved. The court noted that the project was prepared to start in two weeks' time "and should be done while the favorable fall weather allows" because delay would prolong the risk that the headgate would fail and cause unwarranted expense. The District Court denied the Mirros' motion to stay execution of its order, and we denied the Mirros' motion for relief from the order denying a stay.

The Ditch Users now seek dismissal of the appeal because construction associated with the Ellison Ditch Headgate Project—the object of the competing motions for preliminary injunction—has been completed. Except for restraining the Mirros from

"prevent[ing] or interfer[ing] with [Ditch Users'] secondary easement rights to access the Ellison Ditch and Ellison Ditch Headgate ... as necessary to access the ditch and Ellison Ditch Headgate area, for purposes of construction and replacement of the Ellison Ditch Headgate[,]" the Ditch Users contend, the District Court made no other substantive rulings in its preliminary injunction order. Because "the event that the injunction was designed to prevent already has occurred," they argue, there is no relief the Mirros seek on appeal that can be granted by this Court. (Quoting *In re Osorio Irrevocable Trust*, 2014 MT 286, ¶ 9, 376 Mont. 524, 337 P.3d 87.)

Mirros dispute the claimed mootness and contend that this Court still may grant effective relief. They cite our opinion in *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 37, 364 Mont. 390, 276 P.3d 867, explaining that it is "wrong to suggest" that "the inability to restore the parties to their original positions necessarily moots an appeal." We observed: "In some situations, the only effective relief would be to restore the parties to their original positions, and if that is no longer possible, then the appeal is moot." *Stuivenga*, ¶ 37. But "the question, more accurately stated, is whether it is possible to grant some form of effective relief to the appellant." *Stuivenga*, ¶ 37. Mirros point out that the Ditch Users' Complaint, in addition to seeking injunctive and declaratory relief, also seeks attorney fees pursuant to § 70-17-112(5), MCA. Mirros rely on our holding in *Musselshell Ranch Co. v. Seidel-Joukova*, 2012 MT 222, 366 Mont. 337, 286 P.3d 1212, that a prevailing party under § 70-17-112(5), MCA, must prevail on all claims raised pursuant to this statute.

*Seidel-Joukova* involved multiple claims for relief between the dominant and servient estate owners, not all of which ultimately were resolved in favor of the ditch user. *See Seidel-Joukova*, ¶ 19 ("the Ranch ultimately prevailed on its claims pertaining to the 16-foot panels, the culvert and bridge, a replacement gate on the west end and unlimited access through both gates. It did not prevail on its claim that Joukova could not travel the gravel road along the north bank of the Cooley ditch."). The Complaint in this case seeks a declaration that Ditch Users have a "dominant primary easement in and to the use of the Ellison Ditch, including the use of the Ellison Ditch Headgate, free from interference by

2

Respondents Mirro, including activities associated with the Ellison Ditch Headgate reconstruction project, and placement of the Ellison Ditch Headgate as necessary within the bed and banks of the Boulder River." It seeks corresponding declaratory relief affirming Ditch Users' secondary easement "as necessary for maintenance, repair, and cleaning of the Ellison Ditch and Ellison Ditch Headgate, and for the Ellison Ditch Headgate reconstruction project as reasonably necessary, free from interference by Respondents Mirro." There are two claims for injunctive relief, one to enjoin Mirros from interfering with Ditch Users' rights to access the Ellison Ditch and Headgate through and across Mirros' property as necessary to repair and replace the headgate, and a second to require Mirros to remove their alleged encroachments from the Ditch Users' secondary access route to the western side of the Ellison Ditch and Ellison Ditch Headgate area.

The Ditch Users' Complaint sought to enjoin Mirros "from continuing to interfere with Petitioners' secondary easement rights to access the Ellison Ditch and Ellison Ditch Headgate." The District Court's preliminary injunction in Ditch Users' favor does not resolve the ultimate merits of that claim, which remains pending. The District Court's preliminary injunction order concerns only the Ditch Users' right to access the ditch and Ellison Ditch Headgate area for purposes of construction and replacement of the Ellison Ditch Headgate. That is the only issue raised in Mirros' appeal of the preliminary injunction appeal. The only effective relief from that order would be to restore the parties to their original positions, which Mirros do not contend is now possible. Ultimate resolution of merits of the dispute will determine the prevailing party for purposes of Ditch Users' claim for attorney's fees. We agree with Ditch Users that this appeal is moot.

IT IS THEREFORE ORDERED that the appeal is DISMISSED without prejudice to any party's right to appeal a final judgment in the case.

The Clerk is directed to provide a copy of this Order to all counsel of record and to the Clerk of the Sixth Judicial District Court, Sweet Grass County.

DATED this 19 day of March, 2024.

_____

3

_____

_____

_____

_____
Justices